ALBRADCO, INC. and Elias
Strum, Plaintiffs,

v.

Gus BEVONA, as President of 32B–32J
Service Employees International Un-
ion, AFL–CIO, and as Trustee of the
Building Service 32B–J Health Fund
and the Building Service 32B–J Pension
Fund, 32B–32J Service Employees In-
ternational Union, AFL–CIO, Building
Service 32B–J Health Fund, and Build-
ing Service 32B–J Pension Fund, De-
fendants.

No. 90 Civ. 7846 (PKL).

United States District Court,
S.D. New York.

April 3, 1992.

Graubard Mollen Horowitz Pomeranz & Shapiro (Steven Mallis, Barbara J. Romaine, Nancy R. Sills, of counsel), New York City, for plaintiffs.

Shea & Gould (Joseph Ferraro, Eve I. Klein, Richard A. Lafont, John K. Mara, Barry N. Saltzman, of counsel), New York City, for defendants.

## ORDER AND OPINION

LEISURE, District Judge.

In this action, plaintiffs, Albradco, Inc. ("Albradco") and Elias Strum ("Strum") (collectively "declaratory plaintiffs"), now move the Court, pursuant to Fed.R.Civ.P. 56, for a declaratory judgment, pursuant to 28 U.S.C. §§ 2201–2202, declaring that N.Y.B.C.L. § 630 is preempted by section 514 of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1144, or in the alternative, by section 301(a) of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185(a), and for an order enjoining the application of N.Y.B.C.L. § 630 to them. Defendants,

Gus Bevona, as President of 32B–32J Service Employees International Union, AFL–CIO, and as Trustee of the Building Service 32B–J Health Fund and the Building Service 32B–J Pension Fund; 32B–32J Service Employees International Union, AFL–CIO; Building Service 32B–J Health Fund; and Building Service 32B–J Pension Fund (collectively "the Union"), oppose the declaratory plaintiffs' motion, and cross-move to dismiss this action, pursuant to Fed. R.Civ.P. 12(b)(1) and (6), or, in the alternative, for summary judgment pursuant to Fed.R.Civ.P. 56. For the following reasons, the declaratory judgment action is dismissed.

## BACKGROUND

The facts underlying these motions are not in dispute. Albradco is a New York corporation that is the sole shareholder of Bradley Cleaning Contractors, Inc. ("Bradley"), a New York corporation that is currently in bankruptcy, pursuant to Chapter 7 of Title 11 of the United States Code. Strum is a principal shareholder of Albradco and a former president of Bradley. At all times relevant to this action, Bradley was a party to two collective bargaining agreements with the Union that, *inter alia*, set forth employees' wage rates and required Bradley to make contributions to funds, governed by ERISA, which provided pension and health benefits for Bradley's employees.

In 1982, a dispute arose between Bradley and the Union concerning Bradley's purported operation of two non-union businesses, Electric Savings Corp. ("Electric") and Commerce Office Cleaning Corp. ("Commerce"). The dispute was submitted to arbitration, and, by award dated January 19, 1984, the arbitrator ordered Bradley to pay $1,227,134 in wages and $549,766 in pension and health benefits to the Union, on behalf of employees at Electric and Commerce, as though these employees had been covered by the collective bargaining agreements between Bradley and the Union. Further, a subsequent arbitration award, dated July 20, 1987, directed Bradley and Commerce to pay an additional

$1,267,246.15 in wages and $379,401.51 in fund contributions to the Union. The arbitration awards were confirmed by Orders of Hon. Leonard B. Sand, United States District Judge of this Court, dated May 2, 1984 and April 22, 1988. Bradley was unable to continue business under the burden of this debt and filed a Chapter 11 bankruptcy petition on May 16, 1984, which was converted to a Chapter 7 proceeding on December 2, 1986.

Apparently as a result of Bradley's inability to satisfy its liabilities to the Union, Gus Bevona, as president of the Union, instituted an action in January 1986 in the Supreme Court of the State of New York, New York County, entitled *Gus Bevona, as President of 32B–32J Service Employees International Union, AFL–CIO v. Albradco, Inc., Elias Strum, William Strum, Estate of Rose Strum and David Herbst,* No. 27801/86 ("the State Court Action"). The State Court Action sought to recover the judgments against Bradley from Bradley's shareholders, pursuant to N.Y.B.C.L. § 630, which renders the ten largest shareholders of close corporations personally, jointly and severally liable for "debts, wages or salaries due and owing" to employees, § 630(a), including, as relevant here, "employer contributions to or payments of insurance benefits [and] employer contributions to pension or annuity funds." § 630(b). The defendants in the State Court Action have contested the Union's claims on various procedural and substantive grounds. However, it appears that no attempt was made to remove the State Court Action to federal court in the first instance.

Rather, four years after the State Court Action was commenced, Albradco and Strum initiated the instant declaratory judgment action, seeking a declaration that the claims asserted in the State Court Action pursuant to N.Y.B.C.L. § 630 are preempted by ERISA. Immediately upon the filing of the instant action, the parties cross-moved for summary judgment on the issue of ERISA preemption, with the declaratory plaintiffs seeking a declaration that the State Court Action is preempted by ERISA and defendants advocating the contrary position. After the ERISA motion became fully submitted, in May 1991, the declaratory plaintiffs amended their complaint, raising the additional claim that the Union's claims under N.Y.B.C.L. § 630 are preempted by the LMRA. Thereafter, additional cross-motions for summary judgment were served and filed addressing the issue of LMRA preemption.

## DISCUSSION

### A. *Scope of ERISA Preemption Doctrine*

■ The Court begins its analysis by examining the ERISA preemption doctrine. Congressional intent is the guiding principle in ascertaining whether a state law is preempted by a federal statute. *See Ingersoll–Rand Co. v. McClendon,* — U.S. ——, 111 S.Ct. 478, 482, 112 L.Ed.2d 474 (1990). "To discern Congress' intent we examine the explicit statutory language and the structure and purpose of the statute." *Id.* (citing *FMC Corp. v. Holliday,* — U.S. ——, 111 S.Ct. 403, 407, 112 L.Ed.2d 356 (1990)).

The preemptive force of ERISA is explicitly addressed in section 514 of ERISA, 29 U.S.C. § 1144.

Except as provided in subsection (b) of this section, the provisions of [ERISA] shall supersede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan described in [ERISA].

ERISA § 514(a), 29 U.S.C. § 1144(a). Subsection (b), *inter alia,* exempts from the scope of this preemption provision "any law of any State which regulates insurance, banking or securities." ERISA § 514(b), 29 U.S.C. § 1144(b). As explained by the Supreme Court, ERISA's "pre-emption clause is conspicuous for its breadth. It establishes as an area of exclusive federal concern the subject of every state law that 'relates to' an employee benefit plan governed by ERISA." *FMC Corp., supra,* 111 S.Ct. at 407.

■ Given the far-reaching scope of this preemption clause, courts are regularly faced with preemption defenses to actions purportedly arising under state law, and a

wide array of state laws have been held to be preempted by ERISA. *See, e.g., Ingersoll–Rand, supra,* 111 S.Ct. at 483–85 (Texas law prohibiting termination of employee to avoid pension plan contributions); *FMC Corp., supra,* 111 S.Ct. at 407–409 (Pennsylvania law eliminating subrogation rights of ERISA regulated plans in actions arising from motor vehicle accidents); *Mackey v. Lanier Collection Agency & Service, Inc.,* 486 U.S. 825, 829–30, 108 S.Ct. 2182, 2185, 100 L.Ed.2d 836 (1988) (provision of Georgia law exempting ERISA regulated plans from garnishment); *Metropolitan Life Insurance Co. v. Taylor,* 481 U.S. 58, 62, 107 S.Ct. 1542, 1545, 95 L.Ed.2d 55 (1987) (Michigan contract and tort law providing for recovery of benefits under ERISA regulated plan); *Pilot Life Insurance Co. v. Dedeaux,* 481 U.S. 41, 47–48, 107 S.Ct. 1549, 1552–53, 95 L.Ed.2d 39 (1987) (Mississippi law granting punitive damages for improper processing of benefit claims under ERISA regulated plan); *Smith v. Dunham–Bush, Inc.,* 959 F.2d 6, 10 (2d Cir. 1992) (Connecticut contract and tort law providing for enforcement of oral promise to supplement ERISA regulated plan). In fact, even state laws that supplement, but do not conflict with, ERISA's civil enforcement mechanisms are preempted. *See Mackey, supra,* 486 U.S. at 829, 108 S.Ct. at 2185.[1]

However, the scope of ERISA's preemption clause is not infinite. As explained by the Supreme Court, "[s]ome state actions may affect employee benefit plans in too tenuous, remote, or peripheral a manner to warrant a finding that the law 'relates to' the plan." *Shaw v. Delta Air Lines, Inc.,* 463 U.S. 85, 100 n. 21, 103 S.Ct. 2890, 2901 n. 21, 77 L.Ed.2d 490 (1983). Thus, certain actions have been held not to be preempted by ERISA. *See, e.g., Mackey, supra,* 486

U.S. at 825, 108 S.Ct. at 2182 (Georgia garnishment statute of general application); *R.R. Donnelley & Sons Co. v. Prevost,* 915 F.2d 787, 792–93 (2d Cir.1990) (Connecticut employee benefit plan within statutory ERISA exemption), *cert. denied,* —— U.S. ——, 111 S.Ct. 1415, 113 L.Ed.2d 468 (1991); *Aetna Life Insurance Co. v. Borges,* 869 F.2d 142, 147 (2d Cir.) (Connecticut escheat law), *cert. denied,* 493 U.S. 811, 110 S.Ct. 57, 107 L.Ed.2d 25 (1989).

**B. *Subject Matter Jurisdiction over ERISA Preemption Claim***

▇ Before the Court can reach the merits of the ERISA preemption claim, however, it must address the threshold issue whether it has subject matter jurisdiction over the instant action. Given the absence of diversity of citizenship, Albradco and Strum assert that the Court has subject matter jurisdiction over this dispute based on the existence of a federal question. Under 28 U.S.C. § 1331, "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." This jurisdictional grant has been interpreted to extend to cases "where the vindication of a right under state law necessarily turn[s] on some construction of federal law." *Franchise Tax Board v. Construction Laborers Vacation Trust,* 463 U.S. 1, 9, 103 S.Ct. 2841, 2846, 77 L.Ed.2d 420 (1983); *see also American Well Works Co. v. Layne & Bowler Co.,* 241 U.S. 257, 260, 36 S.Ct. 585, 586, 60 L.Ed. 987 (1916) ("A suit arises under the law that creates the cause of action.").

One significant limit on the reach of federal question jurisdiction is the well pleaded complaint rule.

---

1. In *Mackey,* one basis for the holding that a provision of the Georgia garnishment law was preempted was the statute's specific reference to an ERISA regulated plan. *See Mackey, supra,* 486 U.S. at 829, 108 S.Ct. at 2185; *see also Ingersoll–Rand, supra,* 111 S.Ct. at 483 ("The Texas cause of action makes specific reference to, and indeed is premised on, the existence of a pension plan."). Given the broad definition of state laws that "relate to" ERISA for the purposes of ERISA § 514(a), this Court believes it likely that a court of competent jurisdiction would find the provisions of N.Y.B.C.L. § 630 regarding "pension or annuity funds" to be preempted by ERISA. *But see Sasso v. Vachris,* 66 N.Y.2d 28, 494 N.Y.S.2d 856, 859–860, 484 N.E.2d 1359, 1362–63 (1985) (finding N.Y.B.C.L. § 630 to be remedial in nature and not preempted by ERISA § 514(a)).

It is well established that to invoke federal question jurisdiction, a federal issue must appear on the face of a well pleaded complaint. A complaint that merely anticipates that the defense will raise a federal issue does not create federal jurisdiction.

*Cable Television Association v. Finneran,* 954 F.2d 91, 94 (2d Cir.1992) (citations omitted); *accord Franchise Tax Board, supra,* 463 U.S. at 9–10, 103 S.Ct. at 2846; *Louisville & Nashville R. Co. v. Mottley,* 211 U.S. 149, 29 S.Ct. 42, 53 L.Ed. 126 (1908). Thus, for example, the existence of an "ERISA preemption [defense], without more, does not convert a state claim into an action arising under federal law." *Metropolitan Life, supra,* 481 U.S. at 64, 107 S.Ct. at 1547.

The scope of federal court jurisdiction in an action brought under the Declaratory Judgment Act, 28 U.S.C. § 2201 & 2202, was addressed in *Skelly Oil Co. v. Phillips Petroleum Co.,* 339 U.S. 667, 671–72, 70 S.Ct. 876, 879, 94 L.Ed. 1194 (1950).

The Declaratory Judgment Act allow[s] relief to be given by way of recognizing the plaintiff's right even though no immediate enforcement of it [is] asked. But the requirements of jurisdiction—the limited subject matters which alone Congress had authorized the District Courts to adjudicate—were not impliedly repealed or modified.

Thus, it is axiomatic that the Declaratory Judgment Act "does not expand the jurisdiction of the federal courts." *Cable Television, supra,* 954 F.2d at 94; *accord Franchise Tax Board, supra,* 463 U.S. at 15–16, 103 S.Ct. at 2849–50.

With these principles in mind, the Court next turns to consider the various cases that have specifically addressed the subject matter jurisdiction of the federal courts with respect to ERISA preemption claims. The most comprehensive discussion of this topic can be found in cases challenging the removal, pursuant to 28 U.S.C. § 1441, of state court actions relating to ERISA. For example, *Dunham–Bush, supra,* 959 F.2d at 7, involved a challenge to the removal of a state court action brought under Connect-

icut law, which sought to enforce an employer's oral promise to supplement an employee benefit plan that was subject to regulation under ERISA. In analyzing the case, the Second Circuit found that plaintiff's claims were preempted by ERISA section 514(a), 29 U.S.C. § 1144(a), and that the action was within the scope of the civil enforcement mechanisms of ERISA § 502, 29 U.S.C. § 1132. Given this confluence of factors, the Second Circuit found that ERISA was plaintiff's sole remedy for enforcing his rights under the benefit plan, and that his action had been properly removed based on the presence of a federal question.

■ Animating the Second Circuit's analysis in *Dunham–Bush* was the complete preemption doctrine, as set forth by the Supreme Court in *Metropolitan Life, supra,* 481 U.S. at 63–64, 107 S.Ct. at 1546–47. This doctrine recognizes that "Congress may so completely pre-empt a particular area [of law] that any civil complaint raising this select group of claims is necessarily federal in character." *Id.* at 63–64, 107 S.Ct. at 1546. To fall within the complete preemption doctrine, an action must satisfy dual requirements: the state cause of action must be preempted by ERISA, and the plaintiff must have a right of action under the civil enforcement mechanisms of ERISA § 502(a), 29 U.S.C. § 1132(a). *See Metropolitan Life, supra,* 481 U.S. at 64, 107 S.Ct. at 1546; *Franchise Tax Board, supra,* 463 U.S. at 25–27, 103 S.Ct. at 2854–56; *Dunham–Bush, supra,* 959 F.2d at 10. Under ERISA, the class of plaintiffs given a right of action pursuant to section 502(a) are participants, beneficiaries and fiduciaries of ERISA regulated plans, and the Secretary of Labor. *See Franchise Tax Board, supra,* 463 U.S. at 25, 103 S.Ct. at 2854; 29 U.S.C. § 1132(a).

As in *Metropolitan Life* and *Dunham–Bush,* the complete preemption doctrine has often been the basis for the removal of a state court action to federal court pursuant to 28 U.S.C. § 1441. *See, e.g., Lister v. Stark,* 890 F.2d 941, 943–44 (7th Cir.1989), *cert. denied,* —— U.S. ——, 111 S.Ct. 579,

112 L.Ed.2d 584 (1990); *Albert v. Avery, Inc.*, 724 F.Supp. 245, 252–254 (S.D.N.Y. 1989). Thus, had Albradco and Strum sought to have the State Court Action removed to federal court, the removal petition would have been scrutinized under the complete preemption doctrine. In fact, because the State Court Action was brought on behalf of beneficiaries of an ERISA regulated plan, the only inquiry before the court in a challenge to its removal would have been whether N.Y.B.C.L. § 630 is preempted by ERISA.

If the declaratory plaintiffs had filed a removal petition with respect to the State Court Action, their preemption argument would have been heard and decided in the first instance by the federal courts. However, rather than removing the State Court Action, Albradco and Strum, as shareholders of Bradley, initiated a separate declaratory judgment action before this Court. Given this procedural posture, the Court cannot analyze the case at bar as though it involves a removal petition. Rather, the Court must determine whether the instant declaratory judgment action is within the Court's subject matter jurisdiction. Thus, the Court now turns to consider its power to hear a declaratory judgment action that rests on allegations of ERISA preemption.

Given that the Declaratory Judgment Act does not expand the jurisdiction of the federal courts, subject matter jurisdiction over this action will lie only if N.Y.B.C.L. § 630 is preempted by ERISA *and* the instant action is within the scope of the civil enforcement provisions of ERISA § 502(a). *See Metropolitan Life, supra,* 481 U.S. at 64, 107 S.Ct. at 1546. In fact, this is exactly the inquiry employed by the Supreme

Court in determining that the action in *Franchise Tax Board, supra,* 463 U.S. at 25, 103 S.Ct. at 2854, was not properly in federal court. Although the primary issue in *Franchise Tax Board* was ERISA preemption, the Supreme Court determined that subject matter jurisdiction did not lie because the declaratory plaintiff was not provided with a right of action by the civil enforcement mechanisms of ERISA § 502(a). *See id.* at 25–27, 103 S.Ct. at 2854–56. Thus, the Supreme Court held that the declaratory judgment action did not "arise" under ERISA and that the only federal question was a preemption defense, which did not create subject matter jurisdiction over the declaratory judgment action. *Id.*

The case at bar is analogous to the action in *Franchise Tax Board.* Significantly, although the issue has definitively been raised by the case-law and by the Union, the declaratory plaintiffs have not claimed that they are among the categories of litigants that are granted a right of action under ERISA § 502. Rather, Albradco and Strum focus on their substantive assertion that the State Court Action brought by the Union is within the civil enforcement mechanisms of ERISA § 502(a), and thus that the State Court Action is preempted under ERISA § 514(a). *See* Reply Memorandum in Support of Plaintiffs' Motion for Summary Judgment and in Opposition to Defendants' Motion to Dismiss, at 15 ("defendants seek 'to enforce ... the terms of the plan,' § 502(a), 29 U.S.C. § 1132(a), in the State Court Action.... Defendants' claims thus fall squarely within the scope of § 502 of ERISA.").[2]

---

2. The Court takes this opportunity to reject the declaratory plaintiffs' reliance on *Stone & Webster Engineering Corp. v. Ilsley,* 690 F.2d 323 (2d Cir.1982), *aff'd,* 463 U.S. 1220, 103 S.Ct. 3564, 77 L.Ed.2d 1405 (1983). In *Stone & Webster,* the Second Circuit held that a declaratory plaintiff has access to federal court based on the existence of a claim that "not only ... originates from a federal statute, but ... whose vindication turns on preemption expressly contained in it.... [A] declaratory plaintiff can come into federal court asserting that preemption insulates it from a state-based claim." *Id.* at 328. The Second Circuit has not revisited the issue of the subject matter jurisdiction of the federal

courts in a declaratory judgment action premised on an ERISA preemption defense since the Supreme Court held, in *Franchise Tax Board* and *Metropolitan Life,* that federal question jurisdiction requires both a claim of ERISA preemption and an action within the scope of the civil enforcement remedies of ERISA § 502(a). Based on this intervening change in the law, this Court respectfully declines to rely on the teaching of *Stone & Webster.* *Cf. Zdanok v. Glidden Co.,* 327 F.2d 944, 951 (2d Cir.) (Friendly, J.) ("if, before a case in a district court has proceeded to final judgment, a decision of the Supreme Court demonstrates that a ruling on

If Albradco and Strum were arguing in support of a removal petition, their arguments would carry great weight. However, reference to the Union's right of action under ERISA fails to establish that the instant declaratory judgment action states a federal question. While the dispositive inquiry under *Franchise Tax Board* and *Metropolitan Life* must focus on whether the case at bar is within the civil enforcement provisions of ERISA, the declaratory plaintiffs have not demonstrated that they have a right of action under ERISA § 502(a).

In fact, to grant a right of action under the civil enforcement mechanisms of ERISA § 502(a) to Albradco and Strum, who are shareholders of an employer that was obligated to make contributions to an ERISA regulated plan, would upset

> [t]he policy choices reflected in the inclusion of certain remedies and the exclusion of others under the federal scheme.... "The six carefully integrated civil enforcement provisions found in § 502(a) of the statute as finally enacted ... provide strong evidence that Congress did *not* intend to authorize other remedies that it simply forgot to incorporate expressly."

*Pilot Life, supra,* 481 U.S. at 54, 107 S.Ct. at 1556 (quoting *Massachusetts Mutual Life Insurance Co. v. Russell,* 473 U.S. 134, 146, 105 S.Ct. 3085, 3092, 87 L.Ed.2d 96 (1985) (emphasis in original)). Because the declaratory plaintiffs' action does not arise under ERISA, they have not stated a federal question, and this Court does not have subject matter jurisdiction over their declaratory judgment ERISA claim.

C. *LMRA Preemption*

■ In addition to the ERISA preemption motion, the parties also have cross-moved for summary judgment on the LMRA preemption claim. LMRA § 301(a), 29 U.S.C. § 185(a), provides that

> [s]uits for violation of contracts between an employer and a labor organization representing employees in an industry

affecting commerce as defined in this chapter, or between any such labor organizations, may be brought in any district court of the United States having jurisdiction over the parties, without respect of the amount in controversy or without regard to the citizenship of the parties.

Under *Textile Workers Union v. Lincoln Mills,* 353 U.S. 448, 77 S.Ct. 912, 1 L.Ed.2d 972 (1957), section 301(a) was deemed to have established a body of federal common law to govern LMRA actions.

> We conclude that the substantive law to apply in suits under [LMRA] § 301(a) is federal law, which the courts must fashion from the policy of our national labor laws.... Federal interpretation of the federal law will govern, not state law.

*Id.* at 456–57, 77 S.Ct. at 918. The subject matter jurisdiction of the federal courts to hear LMRA actions was addressed in *Avco Corp. v. Aero Lodge 735, International Association of Machinists,* 390 U.S. 557, 88 S.Ct. 1235, 20 L.Ed.2d 126 (1968), which upheld the removal of a state court action relating to a collective bargaining agreement to federal court. As explained in *Franchise Tax Board, supra,* 463 U.S. at 23, 103 S.Ct. at 2853–54,

> [t]he necessary ground of decision [in *Avco* ] was that the preemptive force of § 301 is so powerful as to displace entirely any state cause for action "for violation of contracts between an employer and a labor organization." Any such suit is purely a creature of federal law, notwithstanding the fact that state law would provide a cause of action in the absence of § 301.

In fact, the explicit statutory preemption clause in ERISA § 514(a) is modeled on LMRA § 301(a), and the preemption doctrines under both statutes are similarly, broadly construed and applied. *See Metropolitan Life, supra,* 481 U.S. at 65–66, 107 S.Ct. at 1547–48; *Pilot Life, supra,* 481 U.S. at 55–56, 107 S.Ct. at 1557. However, as with the ERISA preemption doctrine,

which the judgment would depend was in error, no principle of 'the law of the case' would warrant a failure on our part to correct the ruling"),

*cert. denied,* 377 U.S. 934, 84 S.Ct. 1338, 12 L.Ed.2d 298 (1964).

there are limits on the preemptive scope of section 301(a). For example, in *Caterpillar Inc. v. Williams*, 482 U.S. 386, 394–99, 107 S.Ct. 2425, 2430–33, 96 L.Ed.2d 318 (1987), the Supreme Court rejected an employer's claim that a California cause of action was preempted by the LMRA, because the employee's suit sought enforcement of an individual employment contract rather than a collective bargaining agreement. *See also Baldracchi v. Pratt & Whitney Aircraft Division, United Technologies Corp.*, 814 F.2d 102, 105 (2d Cir. 1987) (wrongful discharge suit held not preempted), *cert. denied*, 486 U.S. 1054, 108 S.Ct. 2819, 100 L.Ed.2d 920 (1988).

Having examined the background of the LMRA preemption doctrine, the Court finds that the instant action does not arise under the LMRA, and that the action is not properly before this Court. Pursuant to the explicit language of the LMRA, and under the principles enunciated in *Avco*, a "[s]uit for violation of [a] contract between an employer and a labor organization" arises under federal law and is within the subject matter jurisdiction of the federal courts. However, the underlying actions between Bradley and the Union, concerning violation of the collective bargaining agreements, were the subject of earlier federal court actions that were submitted to an arbitrator, whose awards were confirmed by Judge Sand and reduced to judgment in 1984 and 1988.

In contrast, the instant action is brought pursuant to N.Y.B.C.L. § 630, which "imposes personal liability upon the 10 largest shareholders of closely held New York corporations for the payment of wages and salaries *due and owing* to its employees." *Sasso v. Vachris*, 66 N.Y.2d 28, 494 N.Y.S.2d 856, 857, 484 N.E.2d 1359, 1360 (1985) (emphasis added). Section 630 defines "the scope of shareholder immunity...., [giving employees] a cause of action to recover payments the corporation was already obligated to provide." *Id.*, 494 N.Y.S.2d at 859, 484 N.E.2d at 1362. Thus, the New York Court of Appeals has authoritatively construed N.Y.B.C.L. § 630 as providing a remedy against shareholders for an employee of a close corporation who is seeking to recover a corporate debt that has already been reduced to judgment. Moreover, this construction is binding on this Court. *Cf. Plummer v. Lederle Laboratories, Division of American Cyanamid Co.*, 819 F.2d 349, 355 (2d Cir.) (in diversity case, federal court "must follow the law directed by the [highest court] of the state whose law is found to be applicable"), *cert. denied*, 484 U.S. 898, 108 S.Ct. 232, 98 L.Ed.2d 191 (1987).

■ So construed, N.Y.B.C.L. § 630 does not fall within the scope of the LMRA preemption doctrine, which applies to "claims founded directly on rights created by collective-bargaining agreements, and also claims 'substantially dependent on analysis of a collective-bargaining agreement.'" *Caterpillar, supra*, 482 U.S. at 394, 107 S.Ct. at 2431 (quoting *Electrical Workers v. Hechler*, 481 U.S. 851, 859 n. 3, 107 S.Ct. 2161, 2167 n. 3, 95 L.Ed.2d 791 (1987)); *accord Lingle v. Norge Division of Magic Chef, Inc.*, 486 U.S. 399, 409–410 & n. 10, 108 S.Ct. 1877, 1883 & n. 10, 100 L.Ed.2d 410 (1988); *Gulden v. Crown Zellerbach Corp.*, 890 F.2d 195, 198 (9th Cir. 1989).[3]

Pursuant to LMRA § 301(a), the dispute between Bradley and the Union that was founded directly on the collective bargaining agreement was submitted to arbitration in the first instance. *See, e.g., Dougherty v. American Telephone and Telegraph Co.*, 902 F.2d 201, 204 (2d Cir.1990)

---

**3.** *Evans v. Einhorn*, 855 F.2d 1245 (7th Cir. 1988), is not to the contrary. *Evans*, which found that an Illinois state law cause of action to collect an arbitration award from a corporate officer was preempted by LMRA § 301(a), relied on the construction of Ill.Rev.Stat. ch. 48, ¶ 39m–13, which provides that "[a]ny officers of a corporation or agents of an employer who knowingly permit such employer to violate the provisions of [the Wage Payment and Collec-

tion] Act shall be deemed to be the employers of the employees of the corporation." Under the plain language of the Illinois statute, the suit in *Evans* was between an employer and an employee regarding a dispute arising directly out of a collective bargaining agreement. In contrast, *the case at bar involves an attempt to recover a corporate debt that has been reduced to judgment*, and is not within the scope of LMRA § 301(a).

(preempting New York tort claims under LMRA § 301(a) and requiring exhaustion of grievance procedures in collective bargaining agreement). In contrast, the State Court Action, which seeks recovery of a judgment from shareholders under N.Y.B.C.L. § 630, is not founded directly on rights created in, and does not require interpretation of, the collective bargaining agreement. Thus, the Union's action is not preempted by LMRA § 301(a), the declaratory plaintiffs' action does not arise under the LMRA or under federal law, and this Court is without jurisdiction to hear the declaratory judgment action.

### CONCLUSION

For the foregoing reasons, the Court hereby dismisses this declaratory judgment action, pursuant to Fed.R.Civ.P. 12(b)(1), for lack of subject matter jurisdiction.

SO ORDERED.