982 F.2d 82
 142 L.R.R.M. (BNA) 2282, 124 Lab.Cas. P 10,498,
16 Employee Benefits Cas. 1279
 ALBRADCO, INC. and Elias Strum, Appellants,
v.
Gus BEVONA, as President of 32B-32J Service Employees
International Union, AFL-CIO, and as Trustee of the Building
Service 32B-J Health Fund and the Building Service 32B-J
Pension Fund; 32B-32J Service Employees International
Union, AFL-CIO; Building Service 32B-J Health Fund;
Building Service 32B-J Pension Fund, Appellees.
 No. 373, Docket 92-7616.
 United States Court of Appeals,
Second Circuit.
 Argued Nov. 4, 1992.
Decided Dec. 21, 1992.
 
 Steven Mallis, New York City (Nancy Sills, Barbara J. Romaine, and Graubard Mollen Horowitz Pomeranz & Shapiro, on the brief), for appellants.
 Joseph Ferraro, New York City (Barry N. Saltzman, Eve I. Klein, Joshua A. Adler, and Shea & Gould, on the brief), for appellees.
 Before: TIMBERS, VAN GRAAFEILAND, and McLAUGHLIN, Circuit Judges.
 TIMBERS, Circuit Judge:
 
 
 1
 Albradco, Inc. and Elias Strum appeal from a judgment entered in the Southern District of New York, Peter K. Leisure, District Judge, 788 F.Supp. 786, dismissing their action for declaratory judgment. The court held that asserting a defense which claims that the Employee Retirement Income Security Act of 1974 (ERISA) preempts a state court action is insufficient to create subject matter jurisdiction in a declaratory judgment action in which the declaratory judgment plaintiff is not an enumerated plaintiff under ERISA § 502(a), 29 U.S.C. § 1132(a) (1988). The court further held that the Labor Management Relations Act (LMRA) does not preempt N.Y.B.C.L. § 630.
 
 
 2
 On appeal, appellants contend that the district court misconstrued applicable Supreme Court authority and the federal nature of their claim; erred in dismissing their claim for lack of subject matter jurisdiction; and erred in determining that LMRA § 301(a) did not preempt N.Y.B.C.L. § 630.
 
 
 3
 We reject all of appellants' claims on appeal. We affirm the judgment dismissing the action for lack of subject matter jurisdiction.
 
 I.
 
 4
 We summarize only those facts and prior proceedings believed necessary to an understanding of the issues raised on appeal.
 
 
 5
 Appellant Albradco, Inc. (Albradco) is a New York corporation and the sole shareholder of Bradley Cleaning Contractors, Inc. (Bradley), a New York corporation which has filed for protection under Chapter 7 of the Bankruptcy Code, 11 U.S.C. § 701 et seq. (1988). Appellant Strum is a principal shareholder of Albradco and a former president of Bradley. At the times relevant to this action, Bradley was a party to two collective bargaining agreements (CBAs) with appellee Local 32B-32J Service Employees International Union (the Union). The CBAs set forth wage rates and required Bradley to make contributions to the funds which provided pension and health benefits and are governed by ERISA § 514(a), 29 U.S.C. § 1144(a) (1988).
 
 
 6
 In 1982, a dispute arose between Bradley and the Union over Bradley's operation of two other companies, Electric Savings Corp. (Electric) and Commerce Office Cleaning Corp. (Commerce), which did not contribute to the funds. Two arbitration proceedings, one in 1984 and one in 1987, ensued. It was determined that these companies actually were "alter egos" of Bradley and as such also were required to make contributions. The 1984 arbitration proceeding directed Bradley to pay $1,227,134 in wages and $549,766 in pension and health benefits to employees of Electric and Commerce. The 1987 proceeding directed Bradley to pay an additional $1,267,246.15 in wages and $379,401.51 in fund contributions to the Union. The awards were confirmed by orders entered May 2, 1984 and April 22, 1988 in the Southern District of New York, Leonard B. Sand, District Judge.
 
 
 7
 These awards forced Bradley on May 16, 1984 to file for bankruptcy under Chapter 11 of the Bankruptcy Code, 11 U.S.C. § 1101 et seq. (1988). On December 2, 1986, the bankruptcy case was converted to a liquidation under Chapter 7 of the Bankruptcy Code. Appellants were not parties to either arbitration proceeding.
 
 
 8
 In order to recover the arbitration awards, appellee Gus Bevona, president of the Union, in January 1986 commenced an action in the New York Supreme Court, New York County, against appellants Albradco and Strum as the two largest shareholders of Bradley. This action was brought pursuant to N.Y.B.C.L. § 630, which provides that the ten largest shareholders of close corporations "shall jointly and severally be personally liable for all debts, wages or salaries due and owing" to employees. N.Y.B.C.L. § 630(a). This includes "employer contributions ... of insurance or welfare benefits [and] employer contributions to pension or annuity funds." N.Y.B.C.L. § 630(b). Albradco and Strum contested the state court action on both procedural and substantive grounds, including failure to state a claim and failure to join necessary parties. Both the New York Supreme Court and the Appellate Division found these challenges to be without merit.
 
 
 9
 After exhausting their state court remedies, Albradco and Strum, in December 1990, commenced the instant declaratory judgment action in the federal court seeking a declaration that the proceedings in the state court action under N.Y.B.C.L. § 630 were preempted by ERISA. Both parties, after commencement of the federal court action, cross-moved for summary judgment on the preemption issue. Appellants then amended their complaint to include the additional allegation that the Union's claims under § 630 also are preempted by LMRA § 301, 29 U.S.C. § 185(a) (1988).
 
 
 10
 In the proceeding below, Judge Leisure dismissed the complaints of both Albradco and Strum. He concluded that the court did not have subject matter jurisdiction over either claim. We agree.
 
 
 11
 Judge Leisure held that, although the ERISA preemption claim might have merit if appellants had pursued a different procedural course, such as removal for jurisdictional purposes, the existence of an ERISA preemption defense is not enough to convert an action into a federal question declaratory judgment action. Under the complete preemption doctrine as applied to ERISA, there will be federal jurisdiction in a declaratory judgment action only if ERISA preempts state law and the declaratory judgment plaintiff has a right of action within the scope of the civil enforcement provisions of ERISA § 502(a). On appeal, appellants claim that the second requirement misconstrues applicable Supreme Court and Second Circuit authority. We disagree.
 
 
 12
 Judge Leisure further held that the court did not have subject matter jurisdiction over the LMRA claim, since such a claim must be based on rights founded in collective bargaining agreements. In the instant action, however, the CBAs already have been arbitrated. The state court action was commenced under N.Y.B.C.L. § 630 for payments already adjudged to be due and owing. On appeal, appellants contend that, since the CBAs would require further analysis in the state court action and the LMRA completely preempts state law, the district court erred in dismissing this claim. We disagree.
 
 II.
 
 13
 (A) Subject Matter Jurisdiction over ERISA Preemption Claim
 
 
 14
 For a federal district court to have original jurisdiction in a non-diversity case, there must be a federal question "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331 (1988 & Supp.1992). We recently affirmed the long standing principle that "the Declaratory Judgment Act, 28 U.S.C. § 2201, does not expand the jurisdiction of the federal courts." Cable Television Ass'n of N.Y., Inc. v. Finneran, 954 F.2d 91, 94 (2 Cir.1992); see also Skelly Oil Co. v. Phillips Petroleum Co., 339 U.S. 667, 671, 70 S.Ct. 876, 878-79, 94 L.Ed. 1194 (1950). A declaratory judgment plaintiff must have an independent basis for federal jurisdiction.
 
 
 15
 Appellants' brief cites substantial authority for the proposition that ERISA preempts state law legislation that regulates or even relates to employee benefit plans. Indeed, Supreme Court precedent may well have established that ERISA preemption is broad and the intent of the legislation was to create a statute which gives exclusive federal authority to the regulation of employee benefit plans. Ingersoll-Rand Co. v. McClendon, 498 U.S. 133, 111 S.Ct. 478, 112 L.Ed.2d 474 (1990). This issue, however, cannot be determined in the instant case. Instead, we are limited on appeal to determining whether the federal court has subject matter jurisdiction over appellants' claim for a declaratory judgment. Although the preemption claim may be strong, in order to assert a claim in the federal court, appellants first must establish subject matter jurisdiction. Here, the court properly held that appellants did not meet this threshold requirement.
 
 
 16
 Relying on Franchise Tax Board v. Construction Laborers Vacation Trust for Southern California, 463 U.S. 1 (1983), appellants urge us to examine the declaratory defendants' claims in determining whether the declaratory judgment action presents a federal question. This is, of course, the procedure required by application of the well-pleaded complaint rule to declaratory judgment actions. See Cable Television Ass'n v. Finneran, 954 F.2d 91, 94 (2d Cir.1992). This general rule is of no avail to appellants, however, because we read Metropolitan Life Ins. Co. v. Taylor, 481 U.S. 58 (1987), to permit ERISA suits, including declaratory judgment actions, only by plaintiffs specified in ERISA § 502(a), and the appellants do not qualify.
 
 
 17
 More importantly, however, Franchise Tax Board did not involve the interface of the well-pleaded complaint rule and the complete preemption exception thereto, and, therefore, is not controlling. The Supreme Court first applied the complete preemption doctrine to ERISA in Metropolitan Life Ins. Co. v. Taylor, 481 U.S. 58 (1987); see also Avco Corp. v. Aero Lodge 735, 390 U.S. 557 (1968). There, the Supreme Court stated a corollary to the well-pleaded complaint rule which requires that the federal question be presented on the face of the complaint, and not merely raised as a defense. The Court's corollary states that "Congress may so completely pre-empt a particular area that any civil complaint raising this select group of claims is necessarily federal in character." Metropolitan Life, supra, 481 U.S. at 63-64., 107 S.Ct. at 1546. The Court went on to name the ERISA statute as an area which would fall under the complete preemption doctrine.
 
 
 18
 There are crucial facts in Metropolitan Life, however, which make the complete preemption doctrine inapplicable to the instant case. First, Metropolitan Life was a removal case. Moreover, the Court found it necessary to state that:
 
 
 19
 "Congress has clearly manifested an intent to make causes of action within the scope of the civil enforcement provisions of § 502(a) removable to federal court. Since we have found [this] cause of action to be within the scope of § 502(a), we must honor that intent whether preemption was obvious or not at the time this suit was filed."
 
 
 20
 Metropolitan Life, supra, 481 U.S. at 66, 107 S.Ct. at 1548 (emphasis added). The Court based its holding on the fact that the plaintiffs in the federal court action were within the scope of § 502(a). In the instant case, although the same would be true if appellants had sought removal, the procedure they chose makes them the plaintiffs in the federal action. They are not enumerated plaintiffs under § 502(a).
 
 
 21
 If appellants believed that the Union chose the wrong forum when they commenced their action, the proper procedural course would have been removal. If, as Judge Leisure suggested, this had been the procedural course pursued, the court would have gone beyond the threshold jurisdictional issue and examined the merits of the preemption claim. Albradco, Inc. v. Bevona, 788 F.Supp. 786, 792 (S.D.N.Y.1992). It was stated at oral argument before us that this issue may not even be litigated in the state court because an earlier New York Court of Appeals case held that N.Y.B.C.L. § 630 was not preempted by another ERISA section. The state court is thus bound by that decision of New York's highest court. Sasso v. Vachris, 66 N.Y.2d 28, 494 N.Y.S.2d 856, 484 N.E.2d 1359 (1985). This unfortunate outcome, however, does not change the fact that a federal court cannot hear cases over which it does not have jurisdiction.
 
 
 22
 Since the issue at hand is a declaratory judgment claim, it must have a federal jurisdictional basis of its own. If the well-pleaded complaint rule would otherwise preclude a federal court from exercising jurisdiction, the declaratory judgment action may nevertheless be brought in federal court if the declaratory plaintiff claims ERISA preemption and both he and the plaintiffs in the suit that the declaratory judgment action anticipates are persons enumerated in ERISA § 502(a), which lists the class of persons who can commence an action under ERISA. Franchise Tax Board, supra, 463 U.S. at 27, 103 S.Ct. at 2855 ("ERISA carefully enumerates the parties entitled to seek relief under § 502; it does not provide anyone other than participants, beneficiaries, or fiduciaries with an express cause of action for a declaratory judgment on the issues in this case."); Metropolitan Life, supra, 481 U.S. at 64., 107 S.Ct. at 1546-47. Appellants here are shareholders. They are not among the enumerated parties. They could not originally have commenced an action under ERISA in the federal court. Appellants therefore cannot now claim that the court had subject matter jurisdiction. If appellants' claim had been for removal, then it would make sense to look to the declaratory defendant's claim, since that party was the plaintiff in the original action and would be the plaintiff in the federal action once the case was removed. Had that course been pursued, the Union, as plan beneficiaries, would have become federal plaintiffs and would be qualified plaintiffs under § 502(a).
 
 
 23
 Appellants' reliance on Stone & Webster Eng'g Corp. v. Ilsley, 690 F.2d 323 (2d Cir.1982), aff'd sub nom. Arcudi v. Stone & Webster Eng'g Corp., 463 U.S. 1220 (1983), is similarly misplaced. Jurisdiction was proper in Stone & Webster because "the declaratory claim asserted [was] not merely a defense, but affirmative and coercive relief [was] sought by way of an injunction" against state officials (in addition to private parties) to restrain them from enforcing an allegedly unconstitutional statute. Id. at 327-28 (citing Ex parte Young, 209 U.S. 123, 160 (1908) (federal courts have jurisdiction to enjoin state officials from violating federal law)). Thus, there was an independent basis of federal jurisdiction over Stone & Webster's declaratory judgment action.
 
 
 24
 That Albradco and Strum (like Stone & Webster) requested declaratory and injunctive relief is of no moment. See Smith v. Lehman, 689 F.2d 342, 344 n. 5 (2d Cir.1982), cert. denied, 459 U.S.1171 (1983). It is the nature of the requested injunctive relief and the identity of the parties against whom such relief is sought that is critical. As the Supreme Court explained in a case decided the same day as Franchise Tax Board:
 
 
 25
 It is beyond dispute that federal courts have jurisdiction over suits to enjoin state officials from interfering with federal rights.... A plaintiff who seeks injunctive relief from state regulation, on the ground that such regulation is pre-empted by a federal statute which, by virtue of the Supremacy Clause of the Constitution, must prevail, thus presents a federal question which the federal courts have jurisdiction under 28 U.S.C. § 1331 to resolve.... This Court, of course, frequently has resolved pre-emption disputes in a similar jurisdictional posture.
 
 
 26
 Shaw v. Delta Air Lines, Inc., 463 U.S. 85, 96 n.14 (1983) (citing Ex parte Young, 209 U.S. at 160-162); see also Aetna Life Ins. Co. v. Borges, 869 F.2d 142, 143-44 (2d Cir.1989). Because Albradco and Strum have not sued state officials to enjoin them from enforcing an unconstitutional state law, this case is distinguishable from Shaw and Stone & Webster.
 
 
 27
 At oral argument before us, appellants also cited a recent opinion of our Court which addressed the issue of whether a federal court should retain a declaratory judgment action. Continental Casualty Co. v. Coastal Savings Bank, No. 92-7244, slip op. 7409, 977 F.2d 734 (2 Cir. Oct. 23, 1992). There, we held that a federal court could entertain an action for declaratory relief, even if the action could have been commenced in a state court. Appellants, however, ignore the fact that neither the district court nor we are dismissing the instant action because it could be litigated in a state court. Indeed, as stated above, it is a troubling outcome that in dismissing this action the important issues raised may not be litigated at all. Continental Casualty does restate the proposition that a court must entertain a declaratory judgment action if it would be useful in clarifying and settling legal relations in the case, or if it would terminate the uncertainty, insecurity, and controversy that brought about the proceeding. Broadview Chem. Corp. v. Loctite Corp., 417 F.2d 998, 1001 (2 Cir.1969), cert. denied, 397 U.S. 1064, 90 S.Ct. 1502, 25 L.Ed.2d 686 (1970). We do not disagree with that proposition. Nevertheless, this does not relieve us from requiring subject matter jurisdiction, a critical element in a declaratory judgment action. That element simply does not exist here.
 
 
 28
 (B) Subject Matter Jurisdiction over LMRA § 301 Preemption Claim
 
 
 29
 The Supreme Court has held that the preemptive force of LMRA § 301, 29 U.S.C. § 185(a) (1988), is so powerful that it displaces any state law claims asserted for the violation of a contract between an employer and a labor organization--such as the Union. Franchise Tax Board, supra, 463 U.S. at 23., 103 S.Ct. at 2853. The Court subsequently has refined its position, holding that "[s]ection 301 governs claims founded directly on rights created by collective-bargaining agreements, and also claims 'substantially dependent on analysis of a collective-bargaining agreement.' " Caterpillar, Inc. v. Williams, 482 U.S. 386, 394, 107 S.Ct. 2425, 2430-31, 96 L.Ed.2d 318 (1987) (quoting Electrical Workers v. Hechler, 481 U.S. 851, 859 n. 3, 107 S.Ct. 2161, 2167 n. 3, 95 L.Ed.2d 791 (1987)). If there is a state law remedy for a right which is independent of the CBA, therefore, and resolution of the state law claim does not require an interpretation of the CBA, then the state law action is not preempted. Lingle v. Norge Div. of Magic Chef, Inc., 486 U.S. 399, 407, 108 S.Ct. 1877, 1882, 100 L.Ed.2d 410 (1988).
 
 
 30
 N.Y.B.C.L. § 630 liability extends to "all debts [and] wages ... due and owing" employees. In order therefore to commence an action under this section, there must already have been an adjudication of this amount. Here, that judgment and the rights created by the CBAs were determined by the arbitration proceedings which were confirmed in a United States District Court. Further, the N.Y.B.C.L. § 630 claim is not "substantially dependent" on an analysis of the CBAs. As stated clearly in Lingle, "[A] state law claim may depend for its resolution upon both the interpretation of a collective-bargaining agreement and a separate state-law analysis that does not turn on the agreement. In such a case, federal law would govern the interpretation of the agreement, but the separate state-law analysis would not be thereby preempted." Lingle, supra, 486 U.S. at 413 n. 12., 108 S.Ct. at 1885 n. 12.
 
 
 31
 N.Y.B.C.L. § 630 is a remedy for employees of a close corporation who are seeking to recover an amount the corporation previously was obligated to pay--not an amount that a court would have to determine in the course of a § 630 action. Thus, the state court in this action must follow the determination already made by the arbitrators and will not be required to interpret the CBAs. The state law claim is not "substantially dependent on analysis of a collective-bargaining agreement," and therefore is not preempted. Electrical Workers, supra, 481 U.S. at 859., 107 S.Ct. at 2167.
 
 III.
 To summarize:
 
 32
 The district court properly held that the shareholders lacked subject matter jurisdiction with respect to their claim for a declaratory judgment that the Union's state law claims were preempted by ERISA, and that the Union's claim under N.Y.B.C.L. § 630 is not preempted by LMRA § 301.
 
 
 33
 Affirmed.