David STUMP, John Reynolds, John Williams, Rodney Hash, Roger Cox, Ed Johnson, Ron Meredith, Richard Keeney, Tim Cunningham, Ron Nibert, David Lidford, Jr. Powell, Ross Raymond, Scott Jenkins, Phillip McBrayer, Delbert Parker, John Riddle, Phillip Plumley, Paul Shrewsbury, John Buckley, Jim Sampson, Jeff Fry, Brian Gray, Larry Johnson, Charles Estes, Fred Stover, Robert Adkins, Charles Heck, John

Lewis, Ernest Lovejoy, Charles Blankenship, Ken Coleman, Daniel Coleman, Richard Kessler, Denver Humphrey, Carl Stone, Walter Asbury, and others similarly situated, the unpaid employees of A & M Trucking, Inc., Plaintiffs,

v.

CYPRUS KANAWHA CORPORATION; Amax, Inc.; A & M Trucking, Inc.; Elmo Mayes d/b/a E & T Trucking Co.; Anthony (Tony) C. Mayes; Mary Mayes; and Elmo Mayes, Defendants.

A & M TRUCKING, INC., Cross and Counter Claimant and Third–Party Plaintiff,

v.

UNITED MINE WORKERS OF AMERICA; District 17, United Mine Workers of America; Cyprus Kanawha Corporation; Cyprus Amax Minerals Company; the above-named Plaintiffs; and Shelby Leary, Commissioner, West Virginia Division of Labor, Department of Commerce, Labor and Environmental Resources, State of West Virginia, Cross, Counter and Third–Party Defendants.

Civil Action No. 2:94–0684.

United States District Court,
S.D. West Virginia,
Charleston Division.

March 31, 1995.

Michael F. Niggemyer, DISTRICT 17, UMWA, Charleston, WV, for plaintiffs.

John F. McCuskey, Campbell, Woods, Bagley, Emerson, McNeer & Herndon, Charleston, WV, for defendant Cyprus Kanawha Corp.

John A. Rollins, Lewis, Friedberg, Glasser, Casey & Rollins, Charleston, WV, for defendants A & M Trucking, Inc., Anthony C. Mayes and Mary Mayes.

Sarah J. Starrett, UMWA International Union, Washington, DC, Charles F. Donnelly, Hostler Law Office, Charleston, WV, for third party defendant United Mine Workers of America.

Michael F. Niggemyer, DISTRICT 17, UMWA, Charleston, WV, for third-party defendant District 17, United Mine Workers of America.

William S. Steele, Office of Attorney General, Charleston, WV, Darrell V. McGraw, Jr., Attorney General, Office of Attorney General, Charleston, WV, for third party defendant Shelby Leary.

## *MEMORANDUM OPINION AND ORDER*

DENNIS R. KNAPP, District Judge.

This matter is before the Court on Plaintiffs' motion to remand to the Circuit Court of Kanawha County, West Virginia. After reviewing Plaintiffs' motion, the responses and replies, the attachments and exhibits, and arguments of counsel, the Court is of the opinion that Plaintiffs' motion for remand should be granted.

The facts in this case were thoroughly developed by way of the pleadings and hearings held by this Court on previous dates. Plaintiffs are former employees of an entity known as A & M Trucking, Inc. Defendants, Cyprus Kanawha Corporation and AMAX, Inc. ("Cyprus") are prime contractors and/or owners of property where the plaintiffs were employed to transport coal to various destinations. The individual defendants are the former principal operators and/or owners of A & M Trucking, Inc. and former employer of the plaintiffs.

The cross, counter and third-party plaintiffs and third-party defendants were implead by A & M Trucking, Inc. after removal to this Court. Although the matters plead in defendants' omnibus third-party complaint and counterclaim raise issues of federal law, it is well established that state courts, applying federal law, have concurrent jurisdiction in such matters. *Charles Dowd Box Co. v. Courtney,* 368 U.S. 502, 82 S.Ct. 519, 7 L.Ed.2d 483 (1962); *Local 174, Teamsters v. Lucas Flour Company,* 369 U.S. 95 at 102, 82 S.Ct. 571 at 576, 7 L.Ed.2d 593 (1962). Accordingly, the Court declines to exercise jurisdiction over these collateral matters.

The plaintiffs filed suit pursuant to West Virginia Wage Payment and Collection Act, *W.Va.Code,* Sections 21–5–1 *et seq.,* in the Circuit Court of Kanawha County, West Virginia, alleging that they were not paid their final wages from Defendant A & M Trucking following the cessation of operations of A & M Trucking. The plaintiffs herein only claim back pay, wages, and liquidated damages and other remedies pursuant to the West Virginia Wage Payment and Collection Act.

The corporate Defendant Cyprus filed a notice of removal which was joined by the other defendants. The corporate defendants assert jurisdiction in this Court under § 301 of the Labor Management Relations Act (LMRA), 29 U.S.C. § 185 and under the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. §§ 1001 *et seq.*

The plaintiffs filed a timely motion to remand based upon the assertion that this matter is not preempted under LMRA or ERISA as alleged by the defendants. As the basis for their motion to remand, the plaintiffs assert that they are not requesting any benefits pursuant to a benefit plan and, therefore, ERISA has absolutely no application herein. Plaintiffs point out that regardless of a claim for benefits, the removing defendant must show that there is a benefit plan in order to justify removal. In the

instant matter, there has been no allegation that there is, in fact, a benefit plan in place pertinent to any damages requested by the plaintiffs. Further, the defendants' basis for this argument concerning ERISA preemption is simply that there is an assertion in the complaint requesting "fringe-benefits".

As to the argument for preemption pursuant to the Labor Management Relations Act, the plaintiffs point out that two recent United States Supreme Court cases discuss this very issue. *Livadas v. Bradshaw*, — U.S. —, 114 S.Ct. 2068, 129 L.Ed.2d 93 (1994); *Hawaiian Airlines v. Norris*, — U.S. —, 114 S.Ct. 2239, 129 L.Ed.2d 203 (1994). A review of the cases indicates that preemption of a state wage payment and collection act, such as *W.Va.Code*, § 21–5–1 *et seq.*, simply because employees are covered by a collective bargaining agreement, violates federal law because the LMRA protects employees from discriminatory action based merely upon concerted or collective activities.

The defendants argue that the *Livadas* and *Norris* cases are distinguishable under the instant matter because referral to the collective bargaining agreement is necessary and forms the basis for preemption. Plaintiffs counter that *Hawaiian Airlines* fully explains the intent of *Livadas:*

> The Court states that 'when the meaning of contract terms is not the subject of dispute, the bare fact that a collective bargaining agreement will be *consulted* in the course of state-law litigation plainly does not require the claim to be extinguished.' [Emphasis added]

*Livadas* and *Lingle v. Norge Division of Magic Chef*, 486 U.S. 399, 413, n. 12, 108 S.Ct. 1877, 1885 n. 12, 100 L.Ed.2d 410 (1988).

Defendants also argue that removal is based upon the fact that part of the plaintiffs' claim is based upon an action to collect back wages pursuant to an arbitration decision by this Court and that the plaintiffs should be limited to enforcing that Order before this Court without obtaining liquidated damages pursuant to the West Virginia Wage Payment and Collection Act. The plaintiffs disagree inasmuch as the arbitration decision was full and final and was finally enforced by this Court. The plaintiffs note that the arbitration decision itself fully interpreted the Collective Bargaining Agreement and that decision need only be consulted in order to calculate the damages. Plaintiffs also argue that since the defendants have not paid the back pay from that arbitration decision, they should be subject to liquidated damages. *Albradco, Inc. v. Bevona*, 982 F.2d 82 (2nd Cir.1982).

■ The Court will first address Defendant's argument concerning the Employee Retirement Income Security Act. First, the Court recognizes that removal cannot be based upon a false assertion concerning benefits. The United States Supreme Court has stated that in order to be preempted under the Employee Retirement Income Security Act the benefits asserted must be based upon a benefit plan. *Shaw v. Delta Air Lines, Inc.*, 463 U.S. 85, 96–97, 103 S.Ct. 2890, 2899–2900, 77 L.Ed.2d 490 (1983). It is noteworthy that the Tenth Circuit has addressed this issue based upon the *Shaw* case and has specifically stated, "There must be a state law, an employee *benefit plan*, and the state law must 'relate to' the employee benefit plan." [Emphasis added] *National Elevator Ind. v. Calhoon*, 957 F.2d 1555, 1557 (10th Cir.) *cert. denied*, 506 U.S. 953, 113 S.Ct. 406, 121 L.Ed.2d 331 (1992). In the instant case, Plaintiffs' counsel has asserted, and Defendants have not disagreed, that the benefits requested, if any, are not based upon any type of plan but were paid from the employer's general revenue resources. No one has asserted that a plan actually affected the benefits, if any, requested in the complaint. The Court finds that any request for benefits is not made pursuant to a plan and, therefore, is not preempted by the Employee Retirement Income Security Act.

■ As to removal based upon the Labor Management Relations Act, the Court concludes that the state court need only consult the National Bituminous Coal Wage Agreement ("NBCWA") in order to determine the amount of wages that are owed to the employees. The Court notes that under the NBCWA there is a very simple appendix in the conclusion of the Agreement that defines

the amount of remuneration that the employees will receive both on a daily and hourly basis. Therefore, the Court finds that there is no part of the Collective Bargaining Agreement that needs to be interpreted in order to make a decision as to the amount of damages to which the employees will be entitled. The Court will only need to consult the appendix in determining the damages. Even the calculation of any amount will be based more upon the employer's books showing the amount of time that individual employees have worked in order to determine the damages, if any, to which they are entitled. The Court recognizes that prior to the *Livadas* and *Norris* decisions, this factual situation may well have depended upon whether *Allis–Chalmers v. Lueck*, 471 U.S. 202, 105 S.Ct. 1904, 85 L.Ed.2d 206 (1985) or *Lingle v. Norge Division of Magic Chef, Inc.*, 486 U.S. 399, 108 S.Ct. 1877, 100 L.Ed.2d 410 (1988) applied. Both *Livadas* and *Norris* have followed the application of *Lingle*. Therefore, the Court finds that this matter is not preempted by the Labor Management Relations Act based upon Defendant's argument that it requires the interpretation of a collective bargaining agreement to determine the amount owed to plaintiffs.

Finally, the Court must address the issue of back pay and damages based upon the previous arbitration decision. As previously noted, the *Albradco* decision from the Second Circuit indicates that one can enforce an arbitration decision based upon a state's wage payment and collection act and receive liquidated damages pursuant to the state act regardless of a collective bargaining agreement. Upon review of *Albradco* and considering the *Norris* and *Livadas* cases, the Court agrees that that law applies in this matter. It should be noted that the employees have completely exhausted their remedies as to the arbitration decision and all that remains is the calculation of the amount of back pay and damages as explained in the arbitration decision. The parties agree that the arbitration decision was final and binding and note that it was further enforced by this Court. Therefore, the parties need only consult the arbitration decision to calculate the amount of back pay and damages. The parties need only look to the contract in determining the amount of damages inasmuch as the arbitrator has already interpreted the Collective Bargaining Agreement.

Therefore, the Court finds that the plaintiffs' claim is not preempted by either the Employee Retirement Income Security Act or the Labor Management Relations Act.

Accordingly, it is hereby ORDERED that this matter be remanded to the Circuit Court of Kanawha County, West Virginia.

The Clerk is directed to mail copies of this Memorandum Opinion and Order to counsel of record herein.