**FIREMEN'S INSURANCE COMPANY OF NEWARK, NEW JERSEY, Plaintiff,**

v.

**LOCAL NO. 105 OF THE UNITED ASSOCIATION OF JOURNEYMEN AND APPRENTICES OF THE PLUMBING AND PIPEFITTING INDUSTRY OF THE UNITED STATES AND CANADA; Local Union No. 151 of Plumbers and Steamfitters; Plumbers and Pipefitters National Pension Fund; Wages, Industry, Welfare, Pension, Educational and Annuity Funds of Local 105, Defendants.**

**No. 92–CV–0668 FJS.**

United States District Court, N.D. New York.

June 22, 1993.

Harris, Beach & Wilcox, Albany, NY, Roland M. Cavalier, of counsel, for plaintiff.

O'Donoghue & O'Donoghue, Washington, DC, John R. Harney, of counsel, Tocci, Parker & Tocci, Albany, NY, Dominick Tocci, of counsel, for defendants.

## MEMORANDUM–DECISION AND ORDER

SCULLIN, District Judge:

## INTRODUCTION

Firemen's Insurance Company ("Plaintiff") filed the instant declaratory judgment action in federal court on May 22, 1992. Plaintiff seeks a declaration that it is not required to make payments to certain of the defendants under N.Y. STATE FIN. LAW § 137,[1] alleging that such a requirement is preempted by the Employment Retirement Income Security Act of 1974 ("ERISA").

This action is presently before the court on Defendants'[2] motion to dismiss for lack of subject matter jurisdiction pursuant to Fed. R.Civ.P. 12(b)(1). The court heard oral argument on September 25, 1992 in Albany, New York.

## BACKGROUND

This lawsuit involves the relationship among three parties; an employer, a surety and a labor union. The employer, M. Wilson Control Services, Inc. ("Wilson"), a New York corporation, is a plumbing and pipefitting contractor which entered into several contracts with the State of New York for construction of certain public improvements. In performing the construction contracts, Wilson used members of Local 105, one of the defendants in this declaratory judgment action, and was a signatory to its collective bargaining agreement. Nicholson Aff. ¶¶ 4–6. Under the agreement, Wilson was obligated to pay Local 105 members the appropriate wage rate and make contributions on behalf of its employees to the Plumbers and Pipefitters National Pension Fund ("Pension Fund"). *Id.* ¶ 3.

The surety, Plaintiff in this declaratory judgment action, contends upon information and belief that the Pension Fund is a duly organized and existing pension trust which is affiliated with Local 105, into which employers having contractual arrangements with Local 105 pay pension contributions. Upon information and belief, Plaintiff also contends that the Wages, Industry, Welfare, Pension, Educational and Annuity Funds of Local 105 ("Benefit Funds") are funds or trusts affiliated with Local 105, into which employers who have contractual arrangements with Local 105 pay fringe benefit contributions. Am. Complaint ¶ 5. As such, Plaintiff contends that Defendants fall under the purview of ERISA.

Pursuant to N.Y. STATE FIN. LAW § 137, Wilson as the contractor was required to obtain a surety bond to secure payments due to all persons supplying labor and materials to it in connection with the public construction projects. Accordingly, in connection with its contracts with the State of New

---

1. N.Y. STATE FIN. LAW § 137(1) requires all contractors who contract to perform any state or local government construction projects, to acquire before approval of the contract "a bond guaranteeing prompt payment of moneys due to all persons furnishing labor or materials to the contractor or his subcontractors in the prosecution of the work provided for in such contract." (McKinney 1989 & Supp.1993). Under Section 137(5)(b), " 'moneys due to persons furnishing labor to contractors or his subcontractors' " includes "all sums payable to or on behalf of persons furnishing labor to the contractor or his subcontractors, for wages, health, welfare, nonoccupational disabilities, retirement, vacation benefits, holiday pay, life insurance or other benefits, payment of which is required ... by a collective bargaining agreement...." (McKinney 1989).

2. The motion is brought by Local No. 105 of the United Association of Journeymen and Apprentices of the Plumbing and Pipefitting Industry of the United States and Canada; Plumbers and Pipefitters National Pension Fund; and Wages, Industry, Welfare, Pension, Educational and Annuity Funds of Local 105, collectively referred to as "Defendants."

York, Wilson entered into three agreements with Plaintiff whereby Plaintiff, as surety, became contractually obligated to pay for "labor and materials" incurred in connection with the construction of the public improvements [in the event of a default by Wilson]. Am. Complaint ¶¶ 9, 10.

Subsequently, Wilson defaulted on each of these State projects and failed to meet its required payments under its collective bargaining obligation to Local 105 in connection with each of the projects for which these bonds had been provided. Am. Complaint ¶ 11; Nicholson Aff. ¶ 6. Between March 31, 1992 and April 10, 1992, Defendants submitted claims to Plaintiff, for payment in the amount of $71,888.69, contending that the labor and material bonds required Plaintiff to pay for, *inter alia*, wages and fringe benefits owing to the union member employees. *Id.* ¶ 13–17. Plaintiff contends that it has honored all claims for direct wages which are "just and verifiable." Am. Complaint ¶ 12. However, it refuses to pay for any claims made by Defendants based on fringe benefit payments allegedly owed by Wilson. Defendants had not, as of the date of this motion, initiated any state court action regarding their claims.

On May 22, 1992, Plaintiff filed the instant action, seeking a declaratory judgment that the bonds required by N.Y. STATE FIN. LAW § 137(1) are preempted by ERISA and that Plaintiff is under no obligation to pay for any fringe benefits to Defendants under its agreement with Wilson. On July 10, 1992, Defendants filed the present motion asserting that, pursuant to Fed.R.Civ.P. 12(b)(1), the court lacks subject matter jurisdiction over Plaintiff's action and that Plaintiff lacks standing to bring its suit under ERISA.

## DISCUSSION

The question presented by the present motion is whether the court has subject matter jurisdiction over a declaratory judgment action brought by a plaintiff-surety who alleges that, were Defendants to initiate a suit against Plaintiff in state court, Defendants' action would be preempted by ERISA. At the time that this motion was heard by the court, this issue appeared to be one of first impression in this circuit. However, since the court heard oral argument in this case, the Second Circuit decided *Albradco, Inc. v. Bevona*, 982 F.2d 82 (2d Cir.1992), heavily relied upon by Defendants and directly on point with the present case. The court finds *Albradco* to be dispositive in this case.

Like the present case, the *Albradco* case involved a dispute over payments due union employees after their employer was unable to satisfy its debts. In *Albradco*, shareholders of a bankrupt corporation ("Bradley") brought a declaratory judgment action in federal court after Bradley defaulted on its obligations to certain of its union employees, and the union sued Bradley's shareholders in state court. The union had brought its action pursuant to N.Y.B.C.L. § 630, "which provides that the ten largest shareholders of close corporations 'shall jointly and severally be personally liable for all debts, wages, or salaries due and owing' to employees." *Albradco*, 982 F.2d at 84 (citing N.Y.B.C.L. § 630(a)). Moreover, "[t]his [ (§ 630(a)) ] includes 'employer contributions . . . of insurance or welfare benefits [and] employer contributions to pension or annuity funds.'" *Id.* at 84. As in the present case, the *Albradco* plaintiffs sought a determination that claims for benefit payments made pursuant to a New York statute were preempted by ERISA.

The Second Circuit, summarizing the district court's holding in *Albradco*, stated that

although the ERISA preemption claim might have merit if appellants had pursued a different procedural course, such as removal for jurisdictional purposes, the existence of an ERISA preemption defense is not enough to convert an action into a federal question declaratory judgment action. In a declaratory judgment action, there will be federal jurisdiction only if there is preemption by ERISA *and* the declaratory judgment plaintiff has a right of action within the scope of the civil enforcement provisions of ERISA § 502(a) [29 U.S.C. § 1132(a) ].

*Id.* (emphasis in original). The *Albradco* plaintiffs argued on appeal that the district court's requirement that the declaratory judgment plaintiff have a right of action un-

der ERISA § 502(a) ("§ 502") "misconstrues applicable Supreme Court and Second Circuit authority." *Id.* at 84. However, the Second Circuit found this argument to be meritless, as

> [t]he Supreme Court's pronouncements in this area make it clear that under ERISA, in order to commence a declaratory judgment action in the federal court, the declaratory plaintiff must be one of the persons enumerated in ERISA § 502(a), the section which lists the class of persons who can commence an action under ERISA.

*Id.* at 86 (citing *Franchise Tax Board v. Construction Laborers Vacation Trust of Southern California,* 463 U.S. 1, 27, 103 S.Ct. 2841, 2855, 77 L.Ed.2d 420 (1983) ("ERISA carefully enumerates the parties entitled to seek relief under § 502; it does not provide anyone other than participants, beneficiaries, or fiduciaries with an express cause of action for a declaratory judgment on the issues in this case"); *Metropolitan Life Ins. Co. v. Taylor,* 481 U.S. 58, 64, 107 S.Ct. 1542, 1546, 95 L.Ed.2d 55 (1987)).

Applying *Metropolitan Life* and *Franchise Tax Board* to the *Albradco* case, the Second Circuit reasoned:

> Appellants here are shareholders. They are not among the enumerated parties [under § 502(a) ]. They could not have originally commenced an action under ERISA in the federal court. Appellants therefore cannot now claim that the court had subject matter jurisdiction.

*Id.*

The court need not spend much time in resolving the present motion, as application of the Second Circuit's well-reasoned analysis in *Albradco* to the present case yields the same result. As the plaintiff in the present case is a surety, and, like the *Albradco* shareholders, is not among the enumerated § 502 parties, § 502 does not provide it with a cause of action for declaratory judgment. Therefore, this court does not have subject matter jurisdiction over Plaintiff's declaratory judgment action.

**CONCLUSION**

As the court lacks subject matter jurisdiction over Plaintiff's declaratory judgment action, Defendants' motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(1) is GRANTED.

IT IS SO ORDERED.