**CONCERNED CITIZENS OF COHOCTON VALLEY, INC., Plaintiff,**

v.

**TOWN OF AVOCA PLANNING BOARD, New York State Department of Environmental Conservation, Michael Zagatza, as Commissioner of the New York State Department of Environmental Conservation, Jeffrey J. Sama, Deputy Permit Administrator of the New York State Department of Environmental Conservation, County of Steuben Industrial Development Agency, and J. Makowski Associates, Inc., Defendants.**

No. 95–CV–6238L.

United States District Court,
W.D. New York.

March 21, 1996.

Alan J. Knauf, Knauf, Craig & Doran, P.C., Rochester, NY, for Concerned Citizens of Cohocton Valley, Inc.

Robert H. Plaskov, Bath, NY, for Town of Avoca Planning Board.

Timothy Hoffman, NYS Attorney General's Office, Buffalo, NY, for New York State Department of Environmental Conservation, Michael Zagata., Jeffrey J. Sama.

Ruth E. Leistensnider, Nixon, Hargrave, Devans & Doyle LLP, Rochester, NY, for County of Steuben Industrial Development Agency.

Mark A. Chertok, Sive, Paget & Riesel, New York City, Lee A. Alexander, Frederick M. Lowther, Dickstein, Shapiro & Morin, Washington, DC, for J. Makowski Associates, Inc.

## DECISION AND ORDER

LARIMER, Chief Judge.

### INTRODUCTION

Plaintiff, Concerned Citizens of Cohocton Valley, Inc. ("Citizens") brought this action challenging certain permits that have been granted in connection with a natural-gas storage project in the Town of Avoca, New York ("Town"). Citizens, a not-for-profit corporation made up of Avoca-area residents, contends that the issuance of the permits by several different governmental bodies was unlawful under New York State and local laws, including the State Environmental Quality Review Act ("SEQRA"), Envtl.Conserv.L. § 8–0101 *et seq.*, certain sections of the New York Town Law, New York State regulations, and Town zoning ordinances.

Jurisdiction is premised upon 28 U.S.C. § 1331, on the ground that questions arising under federal law and the United States Constitution predominate. Specifically, at issue is whether the state and local laws that plaintiff alleges have been violated are preempted by the Natural Gas Act ("NGA"), 15 U.S.C. § 717 *et seq.*, under the Supremacy and Commerce Clauses of the Constitution (Art. VI, cl. 2, and Art. I, § 8, cl. 3, respectively).

Defendants include: the Town Planning Board ("the Board"); the New York

State Department of Environmental Conservation ("DEC"); Michael Zagata, Commissioner of the DEC; Jeffrey J. Sama, the Deputy Chief Permit Administrator of the DEC; the County of Steuben Industrial Development Agency ("IDA"); and J. Makowski Associates, Inc. ("JMAI"). The DEC, Zagata, and Sama ("the DEC defendants") have moved for judgment on the pleadings under Rule 12(c) of the Federal Rules of Civil Procedure, or in the alternative for summary judgment under Rule 56. JMAI has also moved to dismiss pursuant to Rule 12(b)(6) or for summary judgment. Plaintiff has cross-moved for summary judgment on the first three of the six causes of action asserted in the complaint. Since the parties have submitted matters outside the pleadings, I will treat all the motions as motions for summary judgment. *National Ass'n of Pharmaceutical Mfrs. v. Ayerst Lab.*, 850 F.2d 904, 911 (2d Cir.1988).

### FACTUAL BACKGROUND

The Avoca Natural Gas Storage Project ("the Project") is a planned project to store natural gas underground in the Town of Avoca. JMAI, the developer of the Project, plans to create caverns deep underground by dissolving subterranean salt deposits through the injection of water, and then forcing the resulting brine further underground, leaving the remaining cavities available for storing natural gas. The Project is expected eventually to store some 5 billion cubic feet of gas for distribution throughout the Northeastern United States.

On September 20, 1994, the Federal Energy Regulatory Commission ("FERC"), pursuant to its authority under 15 U.S.C. § 717f(c), issued a "Certificate of Public Convenience and Necessity" ("the Certificate"), which in effect approved the Project. Among other things, the Certificate contained an environmental assessment of the Project, and concluded that approval of the Project "will not constitute a major Federal action significantly affecting the quality of the human environment." JMAI's Motion Ex. B. The Certificate also stated that

[a]ny state or local permits issued with respect to the jurisdictional facilities authorized herein must be consistent with the conditions of this certificate. We encourage cooperation between interstate pipelines and local authorities. However, this does not mean that state and local agencies, through application of state or local laws, may prohibit or unreasonably delay the construction and operation of facilities approved by the Commission.

*Id.*

JMAI also applied for permits from the DEC and the Board. The DEC issued a permit on March 10, 1995, and the Board granted a permit on April 29, 1995.

Under SEQRA and its accompanying regulations, all state agencies must require submission of an EIS before approving any proposal that may have a significant effect on the environment, or issue a "negative declaration" that the proposal will not have a significant environmental impact. *See* Envtl.Conserv.L. § 8–0109; 6 N.Y.C.R.R. § 617.3. New York Town Law § 274–b(8) also provides that town boards must comply with SEQRA before issuing special use permits. The DEC and the Board did not require JMAI to submit an EIS, nor did they make a negative declaration under SEQRA, because they both concluded that SEQRA review over the Project was preempted by the NGA.

Citizens contends that the DEC's and the Board's issuance of these permits without first either requiring an EIS or making a negative declaration violated SEQRA and the Town Law. All of plaintiff's causes of action are based solely upon these state statutes; no violation of the NGA or any other federal law is alleged. Two of the causes of action are also premised upon Town Law § 282, which provides that anyone aggrieved by a decision of a town planning board concerning a plat or the changing of zoning regulations may have the decision reviewed by a special term of the *New York* supreme court under C.P.L.R. Article 78.[1]

---

1. The IDA, which apparently is expected to give some financial assistance to the Project, did

adopt a negative declaration pursuant to SEQRA, stating that it could not "conclude with certainty

Defendants contend that SEQRA does not apply to the Project because SEQRA has been preempted by the NGA. In support of this proposition, defendants rely upon a line of Supreme Court cases holding that where Congress has enacted a comprehensive scheme of federal regulation which occupies an entire field of law, state and local regulation of that field is preempted. Defendants maintain that through the NGA, the federal government has completely occupied the field of law concerning the construction, operation, and location of interstate natural-gas facilities, including the environmental effects of such facilities.

### DISCUSSION

■ In their initial motion papers, the parties focused on whether the NGA preempts SEQRA review of the Project. After reviewing the complaint, however, I was concerned about whether the court had subject matter jurisdicti·on over this case, since all of plaintiff's causes of action allege only violations of state law, not federal law. Since the issue of subject matter jurisdiction can be raised by the court *sua sponte, see Manway Constr. Co. v. Housing Auth. of Hartford,* 711 F.2d 501, 503 (2d Cir.1983), I asked counsel for all parties to submit briefs on this issue, which they have done.

■ After reviewing the parties' submissions and the applicable case law, I find that there is no basis for federal jurisdiction in this action. Dismissal of the complaint is therefore mandatory. *Id.*

■ As stated, jurisdiction in this case is premised on 28 U.S.C. § 1331, which gives federal district courts "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." "A claim ordinarily arises under federal law

only when stated in a well-pleaded complaint that raises issues of federal law." *Franklin H. Williams Ins. Trust v. Travelers Ins.,* 50 F.3d 144, 147 (2d Cir.1995). The purported federal issue here is whether the NGA preempts the local and state laws and regulations that plaintiff claims defendants have failed to comply with.

■ Because federal preemption is ordinarily a defense to an action, it does not appear on the face of a well-pleaded complaint, and therefore does not generally authorize the plaintiff to commence the action in federal court. *Metropolitan Life Ins. Co. v. Taylor,* 481 U.S. 58, 63, 107 S.Ct. 1542, 1546, 95 L.Ed.2d 55 (1987).[2] Nor does federal jurisdiction exist simply because the federal defense is "obvious," *Taylor,* 481 U.S. at 66, 107 S.Ct. at 1547–48, or because "both parties concede that the federal defense is the only question truly at issue." *Caterpillar Inc. v. Williams,* 482 U.S. 386, 393, 107 S.Ct. 2425, 2430, 96 L.Ed.2d 318 (1987).

■ Under long-standing precedent, then, "a federal court does not have original jurisdiction over a case in which the complaint presents a state-law cause of action, but also asserts ... that a federal defense the defendant may raise is not sufficient to defeat the claim." *Franchise Tax Bd. of the State of California v. Construction Laborers Vacation Trust for Southern California* (*"Franchise"*), 463 U.S. 1, 10, 103 S.Ct. 2841, 2846, 77 L.Ed.2d 420 (1983). Instead, "a right or immunity created by the Constitution or laws of the United States must be an element, and an essential one, of the plaintiff's cause of action." *Gully v. First Nat'l Bank in Meridian,* 299 U.S. 109, 112, 57 S.Ct. 96, 97, 81 L.Ed. 70 (1936). "By unimpeachable authority, a suit brought upon a state statute does not arise under an act of

that its review of the project under SEQR[A] is pre-empted ..." Amended complaint, Ex. B at 3. Citizens alleges that the declaration did not comply with SEQRA in other ways, however. Citizens also contends that the IDA's issuance of the negative declaration did not relieve the DEC or the Board of their own responsibilities under SEQRA.

**2.** Although *Taylor* dealt with removal of a state-court action to federal court based on a preemp-

tion defense, rather than with a complaint filed initially in federal court, it and other cases involving removal are pertinent to the case at bar, since by definition "[o]nly state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant." *Caterpillar Inc. v. Williams,* 482 U.S. 386, 392, 107 S.Ct. 2425, 2429, 96 L.Ed.2d 318 (1987). *See* 28 U.S.C. § 1441(a).

Congress or the Constitution of the United States because [the defendant contends that the suit is] prohibited thereby." *Id.* at 116, 57 S.Ct. at 99.

These cases plainly demonstrate that subject matter jurisdiction is lacking in the case at bar. The laws that plaintiff seeks to enforce are state and local, not federal. The only reference in the complaint to federal law is plaintiff's contention that these state and local laws are not preempted by the NGA, which plaintiff asserts in anticipation of a preemption defense. Plaintiff's "exclusive reliance on state law" as a basis for relief is not enough to confer federal jurisdiction. *Williams,* 482 U.S. at 392, 107 S.Ct. at 2429.

The Supreme Court stated in *Franchise,* 463 U.S. at 13, 103 S.Ct. at 2848, that "[e]ven though state law creates [plaintiff's] causes of action, its case might still 'arise under' the laws of the United States if a well-pleaded complaint established that its right to relief under state law requires resolution of a substantial question of federal law in dispute between the parties." The Court went on to hold, however, that where the state law sought to be enforced makes no reference to federal law, and federal law comes into play only by way of defense (anticipated or otherwise), a defense of preemption does not suffice to bring the case within federal jurisdiction, "even if both parties admit that the defense is the only question truly at issue in the case." *Id.* at 14, 103 S.Ct. at 2848. That is precisely the situation here.

█ It is true that "[o]ne corollary of the well-pleaded complaint rule developed in case law ... is that Congress may so completely pre-empt a particular area that any civil complaint raising this select group of claims is necessarily federal in character." *Id.* 481 U.S. at 63–64, 107 S.Ct. at 1546. Within such an area, even a suit that purports to raise only state-law claims falls within the original jurisdiction of the federal courts. *Id.* at 67, 107 S.Ct. at 1548; *Franklin H. Williams,* 50 F.3d at 147.[3]

The Supreme Court, however, has expressed its hesitance to apply the "complete preemption" rule of federal jurisdiction "[i]n the absence of explicit direction from Congress ..." *Taylor,* 481 U.S. at 64, 107 S.Ct. at 1547. For example, although the Court has held that the complete-preemption doctrine applies to cases within the scope of the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001 *et seq.,* the Court has said that "[e]ven with a provision ... that lies at the heart of a statute with the unique pre-emptive force of ERISA, ... we would be reluctant to find that extraordinary pre-emptive power ... that converts an ordinary state common law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule." *Id.* at 65, 107 S.Ct. at 1547.

█ Even if it appears that plaintiff's claims would be preempted by the NGA, that does not mean that this case is removable under the complete-preemption doctrine. "The fact that a defendant might ultimately prove that a plaintiff's claims are pre-empted ... does not establish" that they fall within the original jurisdiction of the federal court. *Williams,* 482 U.S. at 398, 107 S.Ct. at 2432. *See also Franchise,* 463 U.S. at 26, 103 S.Ct. at 2855 (even though Court of Appeals may have been correct that ERISA precluded state plaintiff's enforcement of state tax levy on ERISA-covered benefit plan, state-court action to enforce levy was not itself preempted by ERISA, and hence could not be removed to federal court).

In *Taylor,* the Court held that ERISA's complete preemption of state law permitted removal of a state-court action brought under state law. The Court relied on the fact that the jurisdictional subsection of ERISA's civil enforcement provisions closely paralleled that of the Labor Management Relations Act ("LMRA"), 29 U.S.C. §§ 141 *et seq.,* which had long been held to preempt state claims to enforce collective bargaining agreements. *Id.* The Court also noted that ERISA's leg-

---

**3.** For obvious reasons, plaintiff does not contend that this doctrine applies in this case, since plaintiff contends that its claims are *not* preempted by the NGA Typically, the doctrine is invoked by defendants seeking to remove a case from state court. Nevertheless, because of the court's duty to determine whether it has subject matter jurisdiction, I believe that I should consider whether the doctrine applies in this case.

a

islative history made it very clear that Congress intended suits to enforce rights under employee benefit plans to arise under federal law, regardless of whether the suits were brought in federal or state court. *Id.* at 65–66, 107 S.Ct. at 1547–48. *See also Pilot Life Ins. Co. v. Dedeaux,* 481 U.S. 41, 56, 107 S.Ct. 1549, 1557–58, 95 L.Ed.2d 39 (1987) (noting that Congress specifically referred to § 301 of LMRA to describe civil enforcement scheme of ERISA).

The NGA, however, does not contain the kind of language found in ERISA or the LMRA that supports a finding of the kind of "extraordinary pre-emptive power" required to apply the complete-preemption doctrine. For example, § 301 of the LMRA, 29 U.S.C. § 185(a), provides that "[s]uits for violation of [collective bargaining agreements] ... may be brought in any district court of the United States having jurisdiction of the parties ..." The Supreme Court has stated that "the pre-emptive force of § 301 is so powerful as to displace entirely any state cause of action" within its scope. *Franchise,* 463 U.S. at 23, 103 S.Ct. at 2853.

Similarly, § 514(a) of the ("ERISA"), 29 U.S.C. § 1144(a), provides that ERISA supersedes any and all state laws that "relate to any employee benefit plan ..." The Supreme Court has given the phrase "relate to" "its broad common-sense meaning, such that a state law 'relate[s] to' a benefit plan 'in the normal sense of the phrase, if it has a connection with or reference to such a plan.'" *Metropolitan Life Ins. Co. v. Massachusetts,* 471 U.S. 724, 739, 105 S.Ct. 2380, 2389, 85 L.Ed.2d 728 (1985) (quoting *Shaw v. Delta Air Lines, Inc.,* 463 U.S. 85, 97, 103 S.Ct. 2890, 2900, 77 L.Ed.2d 490 (1983)).

For an ostensible state-law claim to be cognizable in federal court on the basis of preemption, then, it not only must relate to the subject matter covered by the federal statute, but it must also fall within the scope of the cause of action created by the federal statute. *Franchise,* 463 U.S. at 24, 103 S.Ct. at 2854; *see also Franklin H. Williams,* 50 F.3d at 149 (ostensible state-law claim is removable under ERISA only if it "relates to" employee benefit plan *and* falls within scope of ERISA's enforcement provisions).

Thus, the Court in *Franchise,* in holding that an action to collect state taxes from an ERISA-covered benefit plan was not removable to federal court, noted that ERISA neither created nor denied a cause of action in favor of state governments to enforce tax levies. 463 U.S. at 25–26, 103 S.Ct. at 2854–55. The Court therefore distinguished *Avco Corp. v. Aero Lodge No. 735, Int'l Ass'n of Machinists,* 390 U.S. 557, 88 S.Ct. 1235, 20 L.Ed.2d 126 (1968), in which the Court held that a state-court action by an employer to enjoin union members from striking based on a "no-strike" clause in a collective bargaining agreement arose under the LMRA and was therefore removable to federal court. The *Franchise* Court stated that whereas "§ 301 [of the LMRA] expressly supplied the plaintiff in *Avco* with a federal cause of action to replace its pre-empted state contract claim," 463 U.S. at 26, 103 S.Ct. at 2855, "ERISA d[id] not provide an alternative cause of action in favor of the State [in *Franchise* ] to enforce its rights ..." *Id.*

Likewise, the NGA does not contain any language making any and all suits involving state environmental or other regulation of interstate natural-gas facilities cognizable in federal court under the NGA. The NGA simply provides no avenue for a party such as plaintiff to seek enforcement of state environmental laws against natural-gas facilities. Although there is authority that a private party may seek equitable relief to enforce, or enjoin a violation of, the NGA itself, *see Columbia Gas Transmission Corp. v. Burke,* 768 F.Supp. 1167, 1170–71 (N.D.W.Va.1990), *but see Harmon v. Phillips Petroleum Co.,* 555 F.Supp. 447, 450 n. 5 (D.Mont.1982) (enforcement of NGA rests solely with FERC, and NGA does not grant private cause of action), the relief sought here—compliance with state and local laws and regulations—is simply not within the purview of the Act. So, whereas the LMRA permits suits to enforce collective-bargaining agreements, but simply requires that they be brought pursuant to the LMRA, the NGA makes no provision for the kind of action that plaintiff has brought here. *Cf. Oliver v. Trunkline Gas Co.,* 796 F.2d 86, 87 n. 1 (5th Cir.1986) (en banc) ("it is well-established that the Natural

Gas Act does not create a cause of action that 'completely preempts' state contract actions ..." so as to bring such actions within federal jurisdiction) (quoting *Pan American Petroleum Corp. v. Superior Court,* 366 U.S. 656, 81 S.Ct. 1303, 6 L.Ed.2d 584 (1961)).

The fact that plaintiff seeks relief under the Declaratory Judgment Act, 28 U.S.C. § 2201, also does not bring this action within the original jurisdiction of this court. "[I]f, but for the availability of the declaratory judgment procedure, the federal claim would arise only as a defense to a state created action, jurisdiction is lacking," notwithstanding that plaintiff purports to bring the action pursuant to the Declaratory Judgment Act. 10A Charles A. Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 2767 at 744–45 (2d ed. 1983) (quoted in *Franchise,* 463 U.S. at 16, 103 S.Ct. at 2850); *see Skelly Oil Co. v. Phillips Petroleum Co.,* 339 U.S. 667, 671–72, 70 S.Ct. 876, 878–79, 94 L.Ed. 1194 (1950); *Cable Television Ass'n of New York, Inc. v. Finneran,* 954 F.2d 91, 94 (2d Cir.1992).

In *Franchise,* the plaintiff, a state tax agency, alleged in one of its causes of action that the defendant benefit-plan trustees contended that ERISA preempted the state tax law that the agency sought to enforce, and that based on this contention the defendants would continue to refuse to honor the agency's tax levies. The Supreme Court held that although the question of the trustees' power or duty to honor the levies was "undoubtedly a matter of concern under ERISA," 463 U.S. at 26, 103 S.Ct. at 2855, the action was "not within the original jurisdiction of the United States district courts." *Id.* at 22, 103 S.Ct. at 2852. The Court noted that the agency was not one of the parties enumerated by ERISA as entitled to seek relief under the statute, *id.* at 27, 103 S.Ct. at 2855–56, and that the agency would not be prejudiced by litigating the preemption issue in state court. *Id.* at 21, 103 S.Ct. at 2852. *Cf. Finneran,* 954 F.2d at 94–95 (district court had subject matter jurisdiction over suit to *enjoin* defendant from enforcing state regulation on preemption grounds, since plaintiff was affirmatively seeking to prevent interference with its federally protected rights; distinguishing cases seeking only declaration that state laws or regulations are preempted).

As in *Franchise,* the action at bar is not an action provided for under the NGA. Although the question of whether the NGA preempts SEQRA may be "a matter of concern" under the NGA, then, this action is simply not within the jurisdiction of this court.

### CONCLUSION

Because plaintiff's complaint alleges only violations of state law, it does not arise under federal law, and jurisdiction therefore cannot be premised on 28 U.S.C. § 1331. Since there is no other basis for federal jurisdiction, the complaint must be dismissed in its entirety against all defendants.

Plaintiff's motion for summary judgment on its first, second and third causes of action (Item 22) is denied.

Defendant J. Makowski Associates, Inc.'s motion for summary judgment (Item 7), and the motion for summary judgment by defendants New York State Department of Environmental Conservation, Michael Zagata, and Jeffrey Sama (Item 29), are granted. The complaint is dismissed against all defendants.

IT IS SO ORDERED.