*224
DECISION AND ORDER

LARIMER, Chief Judge.
Plaintiff, Avoca Natural Gas Storage (“Avoca”), commenced this action pursuant to 28 U.S.C. § 2201, seeking a declaratory judgment that federal law and regulations preempt certain New York State laws that defendant, Concerned Citizens of Cohocton Valley, Inc. (“CCCV”), is seeking to enforce against Avoca in state court. Avoca also seeks an order enjoining CCCV from attempting to enforce those state laws. CCCV has filed a motion to dismiss the complaint pursuant to Rule 12(b) of the Federal Rules of Civil Procedure, and Avoca has moved for summary judgment.

BACKGROUND

This case arises out of a dispute concerning a proposed natural-gas storage project (“the project”) in the Town of Avoca, New York. CCCV was the plaintiff in another action before this court relating to that project, Concerned, Citizens of Cohocton Valley, Inc. v. Town of Avoca Planning Board, 95-CV-6238L (“the prior action”). The facts surrounding the dispute are set forth in my Decision and Order issued on March 21, 1996, 919 F.Supp. 643 which dismissed the complaint in that action. Familiarity with that decision is assumed, but a brief recitation of certain pertinent facts will be given here.
CCCV, a non-profit corporation, filed the prior action against a number of parties involved in the project. One of the defendants in that case, J. Makowski Associates, Inc. (“JMAI”), was granted certain permits to develop the project, which have since been transferred to Avoca. CCCV sought an order from this court requiring the defendants to comply with certain New York State and local laws, including the State Environmental Quality Review Act (“SEQRA”), Envtl.Con-serv.L. § 8-0101 et seq.
Although all of CCCVs causes of action in the prior action were based upon state and local law, CCCV asserted the existence of federal question jurisdiction under 28 U.S.C. § 1331, based upon CCCVs expectation that the defendants would raise the defense that the state and local laws that plaintiff relied upon were preempted by the Natural Gas Act (“NGA”), 15 U.S.C. § 717 et seq., under the Supremacy and Commerce Clauses of the Constitution (Art. VI, cl. 2, and Art. I, § 8, cl. 3, respectively).
After both sides had moved for summary judgment, I raised the issue of subject matter jurisdiction sua sponte pursuant to the court’s duty to determine whether jurisdiction exists. See Manway Constr. Co. v. Housing Auth. of Hartford, 711 F.2d 501, 503 (2d Cir.1983). In my March 21, 1996 Decision and Order, I found that because plaintiffs complaint alleged only violations of state law, it did not arise under federal law, and that federal jurisdiction was therefore lacking. I also held that the NGA did not completely occupy the field of natural-gas regulation so as to make the action cognizable in federal court under the complete-preemption doctrine enunciated by the Supreme Court in Metropolitan Life Ins. Co. v. Taylor, 481 U.S. 58, 63-64, 107 S.Ct. 1542, 1546-47, 95 L.Ed.2d 55 (1987). Decision and Order, March 21, 1996, at 648-49.[1]
CCCV then commenced an action on April 9,1996, in New York Supreme Court, Albany County, pursuant to N.Y.C.P.L.R. Art. 78. In that action, CCCV seeks essentially the same relief that it sought in the prior action in this court. That Article 78 proceeding has since been stayed pending resolution of the instant action.
Avoca commenced the present action in federal court on May 1, 1996. Jurisdiction is premised on the Declaratory Judgment Act, 28 U.S.C. § 2201. Avoca seeks a declaration by this court that the NGA preempts SEQRA and any other state or local laws that CCCV is attempting to enforce against Avoca.

DISCUSSION

CCCV moves to dismiss the complaint on various grounds, including lack of subject *225 matter jurisdiction. I find that jurisdiction is lacking, and will therefore grant the motion to dismiss.
In support of its contention that the court has subject matter jurisdiction over this action, Avoca relies upon Shaw v. Delta Air Lines, Inc., 463 U.S. 85, 103 S.Ct. 2890, 77 L.Ed.2d 490 (1983), and Cable Television Ass’n of New York v. Finneran, 954 F.2d 91 (2d Cir.1992). In Shaw, several employers sued certain New York State agencies and officials seeking a judgment declaring that New York’s Human Rights Law and Disability Benefits Law were preempted by ERISA. In a footnote, the Supreme Court observed that its decision in Franchise Tax Board v. Construction Laborers Vacation Trust, 463 U.S. 1,103 S.Ct. 2841, 77 L.Ed.2d 420 (1983), which was issued on the same day as Shaw, did not call into question the lower courts’ jurisdiction to hear Shaw. In Franchise Tax Board, the Court held that federal jurisdiction did not exist where the plaintiff sued for a declaration that state laws were not preempted by ERISA. The Shaw Court stated that Shaw was distinguishable because it involved plaintiffs seeking injunctions against enforcement of state laws they claimed were preempted by ERISA, as well as declarations that those laws were preempted. Shaw, 463 U.S. at 96 n. 14, 103 S.Ct. at 2899-2900 n. 14. The Court further noted that
[i]t is beyond dispute that federal courts have jurisdiction over suits to enjoin state officials from interfering with federal rights. A plaintiff who seeks injunctive relief from state regulation, on the ground that such regulation is pre-empted by a federal statute which, by virtue of the Supremacy Clause of the Constitution, must prevail, thus presents a federal question which the federal courts have jurisdiction ... to resolve.
Id. (citation omitted).
In Finneran, a New York State agency had enacted certain rules concerning cable television charges. An association of cable companies brought suit in federal court, seeking a declaration that the rules were preempted by a federal statute, as well as an injunction barring the state from enforcing the rules. The district court found that it had jurisdiction but that the state rules were not preempted.
On appeal, the Second Circuit affirmed. With respect to jurisdiction, the court, citing Shaw, stated that “[sjince [plaintiff] CTANY is seeking to enjoin state officials from enforcing a state regulation that interferes with what CTANY asserts are federally protected rights, we conclude that the district court had subject matter jurisdiction ...” 954 F.2d at 94-95.
Both Shaw and Finneran, however, were brought by plaintiffs to enjoin state officials from enforcing state laws or regulations. In contrast, plaintiff in the instant ease seeks to enjoin CCCV, a private entity, from pursuing an action against it in state court.
Contrary to Avoca’s assertions, that distinction is not insignificant. While it is true that the holdings in both Shaw and Finneran also rested in part on the fact that the plaintiffs in those cases sought injunctive, as opposed to purely declaratory, relief, the courts in both of those cases pointed out that the plaintiffs were seeking “to enjoin state officials ...” from enforcing state law. Shaw, 463 U.S. at 96 n. 14, 103 S.Ct. at 2899-2900 n. 14; Finneran, 954 F.2d at 94.
That the Second Circuit considered this factor to be important to its finding of jurisdiction was made clear in Albradco, Inc. v. Bevona, 982 F.2d 82 (2d Cir.1992). In that case, a labor union and an employer had been in arbitration over pension fund contributions claimed by the union. The arbitrator awarded certain amounts to the union, and the award was confirmed in federal court. After the employer filed for bankruptcy under Chapter 11, the union sued the employer and its principal shareholder in state court to recover the amount of the award. The state defendants then commenced a federal action seeking both a declaration that the state court proceedings were preempted by ERISA, as well as injunctive relief. The district court found that subject matter jurisdiction did not exist, and dismissed the complaint.
On appeal, the Second Circuit affirmed. First, the court noted that the plaintiffs were *226 not among those enumerated in ERISA as persons entitled to commence an action. The court also said that the fact that the plaintiffs “requested declaratory and injunctive relief [wa]s of no moment. It is the nature of the requested injunctive relief and the identity of the parties against whom such relief is sought that is critical.” Id. at 86 (second emphasis added; citation omitted). After reciting the above-quoted language from Shaw, the court stated that “[bjecause [plaintiffs] have not sued state officials to enjoin them from enforcing an unconstitutional state law, this case is distinguishable from Shaw,” and that jurisdiction did not exist. Id. at 87. See also Colonial Penn Group, Inc. v. Colonial Deposit Co., 834 F.2d 229, 237 (1st Cir.1987) (“jurisdiction over actions for declarations of pre-emption can logically only be asserted where a state official is the defendant”) (dictum); Maine Central R.R. Co. v. Railway Labor Executives’ Ass’n, 835 F.Supp. 16, 18-20 (D.Me.1988) (without representative of state as a defendant, court had no subject matter jurisdiction over action seeking de-clarator judgment that state statute was preempted by federal statute, and enjoining private parties from enforcing statute; plaintiff would be free to assert preemption defense in state court as soon as a private party sought relief under the state statute in state court).

CONCLUSION

Defendant’s motion to dismiss the complaint (Item 7) is granted. Plaintiffs motion for summary judgment (Item 10) is denied. The complaint is dismissed.
IT IS SO ORDERED.

. JMAI appealed to the Court of Appeals from that decision. The appeal was subsequently withdrawn without prejudice, subject to reinstatement within thirty days after I either stay the proceedings in the instant action, or render a final judgment in this action.