CONCERNED CITIZENS OF
COHOCTON VALLEY, INC.,
Plaintiff–Appellee,

v.

NEW YORK STATE DEPARTMENT OF ENVIRONMENTAL CONSERVATION, Michael Zagata, as Commissioner of the New York State Department of Environmental Conservation; Jeffrey J. Sama, Deputy Permit Administrator of the New York State Department of Environmental Conservation, Defendants–Appellees,

J. Makowski Associates, Inc.,
Defendant–Appellant.

AVOCA NATURAL GAS STORAGE,
Plaintiff–Appellant,

v.

CONCERNED CITIZENS OF
COHOCTON VALLEY, INC.,
Defendant–Appellee.

Nos. 96–7373, 96–9474.

United States Court of Appeals,
Second Circuit.

Argued June 4, 1997.

Decided Sept. 2, 1997.

Mark A. Chertok, Sive, Paget & Riesel, New York City (Frederick M. Lowther, Lee A. Alexander, Stefan M. Krantz, Yoav K. Gery, Dickstein, Shapiro, Morin & Oshinsky, Washington, DC, on the brief), for appellants.

Alan J. Knauf, Rochester, NY, Kathleen Liston Morrison, Asst. Atty. Gen., Albany, NY (Mark A. Urbanski, Knauf & Craig, Rochester, NY; Dennis C. Vacco, N.Y. State Atty. Gen., Peter H. Schiff, Dep. Solicitor Gen., Lisa M. Burianek, Timothy Hoffman, Asst. Attys. Gen., Albany, NY, on the brief), for appellees.

Before: NEWMAN and KEARSE, Circuit Judges.*

JON O. NEWMAN, Circuit Judge:

These consolidated appeals raise two somewhat esoteric issues of appellate and district court jurisdiction. The first issue is whether and in what circumstances a party may appeal a decision that granted it all the relief it sought, but did so on grounds other than those urged by the prevailing party, leaving in place a subsidiary ruling of the trial court that the appellant apprehends will have an adverse collateral estoppel effect. The second issue is whether a district court has subject matter jurisdiction over a suit seeking both a declaratory judgment and an injunction to prevent the enforcement of state regulatory provisions when the plaintiff has not named any state official or agency as a defendant and the interests of the state regulatory authorities are not adverse to those of the plaintiff.

The first issue arises on an appeal by J. Makowski Associates, Inc. ("JMAI") from the March 21, 1996, judgment of the District Court for the Western District of New York (David G. Larimer, Chief Judge) dismissing a suit by Concerned Citizens of Cohocton Valley, Inc. ("CCCV") against state and local

---

* Judge Calabresi, who was originally a member of the panel, recused himself prior to oral argument, and the appeal is being decided by the remaining two members of the panel, who are in agreement. *See* 2d Cir. R. § 0.14(b); *Murray v. NBC*, 35 F.3d 45, 46–47 (2d Cir.1994).

environmental regulatory officials and JMAI. The second issue arises on an appeal by Avoca Natural Gas Storage ("Avoca") from the October 8, 1996, judgment of the same Court, dismissing Avoca's suit against CCCV. On JMAI's appeal, we conclude that JMAI's apprehension of an adverse preclusive effect is unwarranted and that it may not appeal, and we therefore dismiss the appeal. On Avoca's appeal, we conclude that subject matter jurisdiction is lacking in the absence of adversity between the plaintiff and the state regulatory authorities whose enforcement activities the plaintiff seeks to prevent, and we therefore affirm.

### Background

The Avoca Natural Gas Project ("Avoca project") is a proposed plan for the construction, development, and operation of an interstate natural gas storage facility in Avoca, New York. In December 1993, JMAI, the project developer, applied to the Federal Energy Regulatory Commission ("FERC") for certificates of public convenience and necessity, which would constitute federal approval of the project. *See* Natural Gas Act § 7, 15 U.S.C. § 717f (1994).

After performing the environmental reviews required by the Natural Gas Act and the National Environmental Policy Act of 1969 ("NEPA"), 42 U.S.C. §§ 4321–4370d (1994), FERC approved the project and granted the certificates. In November 1994, the New York State Department of Environmental Conservation ("DEC") published an agency determination (i) that the Natural Gas Act preempted the New York State Environmental Quality Review Act ("SEQRA"), and (ii) that FERC's approval of the Avoca project preempted enforcement of SEQRA, including SEQRA's requirement of a more intensive evaluation of the potential environmental effects of the Avoca project than required by NEPA. As a result of these determinations, DEC issued construction permits to JMAI, and the Town of Avoca Planning Board thereafter adopted a resolution to grant a special permit for JMAI to begin work on the project.

In May 1995, CCCV, a not-for-profit corporation consisting of residents of the Town of Avoca and surrounding areas, brought an action in the District Court against JMAI, DEC, DEC officials, and other state and local officials and agencies. The complaint alleged that DEC's issuance of the construction permits violated SEQRA and other state laws, and that the local agencies and officials violated state and local laws by approving or ratifying the DEC permits. Contending that the environmental reviews conducted under NEPA and the Natural Gas Act cannot substitute for the intensive evaluations required under SEQRA, CCCV sought to have the DEC permits declared null and void, and to enjoin Avoca's construction of the facility.

An introductory paragraph of CCCV's complaint stated that CCCV had selected a federal forum "because the primary (but not only) issue in the case is whether [the FERC] approvals ... preempt the requirement under state law that defendants comply with SEQRA."

Focusing on the issue of preemption, JMAI moved for dismissal or summary judgment. In a similar motion, the state defendants moved for judgment on the pleadings or for summary judgment. Chief Judge Larimer treated the motions as requesting summary judgment, and dismissed CCCV's complaint for lack of subject matter jurisdiction. *Concerned Citizens of Cohocton Valley, Inc. v. Town of Avoca Planning Board,* 919 F.Supp. 643 (W.D.N.Y.1996). He ruled that plaintiff had alleged only state law claims, that the plaintiff's anticipation of defendants' preemption defense did not support federal jurisdiction, and that the doctrine of complete preemption did not apply to the Natural Gas Act to create federal jurisdiction over claims pleaded as arising under state law. *Id.* at 647–50.

In May 1996, after the dismissal of CCCV's complaint, and after CCCV had filed a new complaint in state court,[1] JMAI transferred the FERC certificates as well as the

---

1. CCCV's state court suit repleads essentially the same claims it made in its dismissed federal court suit. The state court action has been stayed on consent pending the outcome of the instant appeal.

DEC and local permits to Avoca. Avoca then filed its own complaint in the District Court, seeking (i) a declaration that the Natural Gas Act preempts SEQRA, and (ii) an injunction barring CCCV from attempting to enforce the requirements of state law. CCCV was the only defendant named in Avoca's complaint.

Chief Judge Larimer dismissed Avoca's suit for lack of subject matter jurisdiction. *Avoca Natural Gas Storage v. Concerned Citizens of Cohocton Valley, Inc.*, 939 F.Supp. 223 (W.D.N.Y.1996). He ruled that when a plaintiff seeks a declaratory judgment and an injunction against the enforcement of state law, the district court lacks subject matter jurisdiction unless a state actor is joined as a defendant. *Id.* at 225–26.

JMAI appeals from the judgment dismissing CCCV's complaint,[2] and Avoca appeals from the judgment dismissing its complaint. We consolidated both appeals.

### Discussion

1. JMAI's Appeal from Dismissal of CCCV's Complaint

■ One of the prerequisites to appellate jurisdiction, pursuant to 28 U.S.C. § 1291 (1994), is that the appellant has standing to pursue the appeal. *Deposit Guaranty National Bank v. Roper*, 445 U.S. 326, 333, 100 S.Ct. 1166, 1171, 63 L.Ed.2d 427 (1980); 15A Charles Alan Wright *et al.*, Federal Practice and Procedure § 3902 (2d ed. 1992) ("Wright *et al.*"); *see Public Service Commission v. Brashear Freight Lines, Inc.*, 306 U.S. 204, 206–07, 59 S.Ct. 480, 481–82, 83 L.Ed. 608 (1939). Because standing to appeal is conferred only on parties "aggrieved" by the judgment, a party generally does not have standing to appeal when the judgment terminates the case in his favor. *Ashley v. Boehringer Ingelheim Pharmaceuticals (In re DES Litigation)*, 7 F.3d 20, 23 (2d Cir. 1993); *Great American Audio Corp. v. Metacom*, 938 F.2d 16, 19 (2d Cir.1991); *see Deposit Guaranty*, 445 U.S. at 333, 100 S.Ct. at 1171. Thus, if a court grants the ultimate relief a party requested, even though on grounds other than those urged by the prevailing party, that party is generally not "aggrieved" by the judgment and may not appeal, *Spencer v. Casavilla*, 44 F.3d 74, 78 (2d Cir.1994) (quoting *Deposit Guaranty*, 445 U.S. at 333, 100 S.Ct. at 1171).

JMAI seeks to appeal, notwithstanding that it prevailed in the District Court. Appellant's basis for claiming to be aggrieved is not entirely clear. Appellant's main brief confines itself to arguing that the District Court erred in ruling that it lacked subject matter jurisdiction over CCCV's complaint. Nothing is said as to how that ruling aggrieves JMAI. The party nominally aggrieved, CCCV, has accepted its dismissal on jurisdictional grounds and refiled its claim in state court.

■ Only in its reply brief does JMAI endeavor to contend how it is aggrieved by the jurisdictional dismissal of CCCV's suit. First, it contends that the dismissal "denied [appellant] a federal forum to defend against CCCV's challenges to Avoca's federal certificate." *See* Reply Brief for Appellants at 20. That claim is entirely unavailing. No party is entitled to a federal forum to defend against a plaintiff's state law claim. A federal defense, including the defense of federal law preemption, generally does not suffice to confer district court jurisdiction over a plaintiff's state law claim. *Caterpillar Inc. v. Williams*, 482 U.S. 386, 393, 107 S.Ct. 2425, 2430, 96 L.Ed.2d 318 (1987); *Metropolitan Life Insurance Co. v. Taylor*, 481 U.S. 58, 63, 107 S.Ct. 1542, 1546, 95 L.Ed.2d 55 (1987). A preemption defense creates federal court jurisdiction only in instances of complete preemption, *i.e.*, where the preemptive force of federal law is "so powerful as to displace entirely" the plaintiff's state cause of action,

---

**2.** The only notice of appeal in No. 96–7373 was filed by JMAI. Despite that, the joint brief for JMAI and Avoca, applicable to both Nos. 96–7373 and 96–9474, asserts that *Avoca* has standing to appeal in No. 96–7373. *See* Brief for Appellants at 34. Perhaps the claim of appellate standing for Avoca is based on the assignment of the FERC permit for the Avoca project from JMAI to Avoca. However, Avoca has not moved to be substituted as appellant in No. 96–7373, nor has it intervened. Thus, it is not a proper appellant in that appeal. Nevertheless, since JMAI's notice of appeal renders it a proper appellant and since a brief has been filed on behalf of JMAI, we will consider No. 96–7373 as JMAI's appeal.

see *Franchise Tax Board v. Construction Laborers Vacation Trust for Southern California,* 463 U.S. 1, 23, 103 S.Ct. 2841, 2853, 77 L.Ed.2d 420 (1983), or where Congress has not only provided for preemption but also "clearly manifested an intent to make causes of action within the scope of" federal enforcement provisions removable to federal court, *see Metropolitan Life,* 481 U.S. at 66, 107 S.Ct. at 1547. Though appellant argues that CCCV's complaint sufficed to invoke federal court jurisdiction, the appellant is not aggrieved by its loss of an opportunity to defend CCCV's state law claim in federal court on grounds of preemption.

■ Second, appellant contends that it is aggrieved because it apprehends an adverse collateral estoppel effect from the District Court's judgment. That contention is somewhat ambiguously set forth as follows: "[I]f [appellant] does not appeal the District Court's explicit rulings with respect to federal question jurisdiction, it could be collaterally estopped from defending its federally-issued certificate in federal court." *See* Reply Brief for Appellants at 21–22. This contention implicates the conundrum that concerns the relation between preclusion and appeal. On the one hand, it can be argued that a prevailing party should be entitled to appeal in order to obtain review of an adverse subsidiary ruling that will have collateral estoppel effect. On the other hand, it can be argued that a prevailing party should not be entitled to appeal to obtain review of an adverse subsidiary ruling because such a ruling should not be accorded collateral estoppel effect against a party that cannot appeal. *See LaBuhn v. Bulkmatic Transport Co.,* 865

F.2d 119, 122 (7th Cir.1988) (noting but not resolving the problem).

We have ruled that "inability to obtain appellate review ... does prevent preclusion," *see Gelb v. Royal Globe Insurance Co.,* 798 F.2d 38, 44 (2d Cir.1986); *see* Restatement (Second) of Judgments, §§ 27 cmt. h, 28(1) cmt. a (1982). That position suggests that a prevailing party should not be entitled to appeal to avoid the preclusive effect of a subsidiary ruling, since the fear of preclusion is unfounded. *See* 15A Wright *et al.,* § 3902, at p. 83 ("[I]t is better to deny appeal and forbid preclusion than to permit appeal in order to support preclusion."). On the other hand, we have also suggested in dictum that a prevailing party may appeal when aggrieved by the collateral estoppel effect of a district court ruling. *See Ashley,* 7 F.3d at 23. That suggestion, even if correct, meant little in *Ashley* since the rulings sought to be reviewed in that case were held not to be necessary to the judgment, *id.,* thus undermining the prevailing party's fear of collateral estoppel. *See* 20 Moore's Federal Practice § 303.10[2][b] (3d ed.1997) (appeal by prevailing party to avoid collateral estoppel "rarely happens because ... a finding adverse to an otherwise fully prevailing party will rarely be necessary to the judgment"). The Ninth Circuit's decision in *Schwartzmiller v. Gardner,* 752 F.2d 1341, 1345 (9th Cir.1984) appears to be the rare case where an appeal by a prevailing party was allowed to challenge a ruling that the appellate court believed would have preclusive effect.[3]

In the pending case, we need not decide whether an appeal should be allowed to a prevailing party to avoid the preclusive effect

---

**3.** Appellant derives no support from the Supreme Court's decision in *Electrical Fittings Corp. v. Thomas & Betts Co.,* 307 U.S. 241, 59 S.Ct. 860, 83 L.Ed. 1263 (1939). In that litigation we had dismissed an appeal by a prevailing party, found not to have infringed a patent, on the ground that the trial court's finding of validity was "in no sense necessary to support the decree" dismissing the suit. *See Thomas & Betts Co. v. Electrical Fittings Corp.,* 100 F.2d 403, 404 (2d Cir.1938). The Supreme Court reversed because the adverse finding (validity of one claim of the patent) was formally set forth in the District Court's decree. 307 U.S. at 242, 59 S.Ct. at 860. The Supreme Court remanded only to require excision of the declaration of validity, and not for

adjudication of the merits of that issue. *Id.; see Harries v. Air King Products Co.,* 183 F.2d 158, 161 (2d Cir.1950) (explaining *Thomas & Betts* remand); 15A Wright *et al.,* § 3902, p. 85.

The earlier decision in *Oliver–Sherwood Co. v. Patterson–Ballagh Corp.,* 95 F.2d 70, 72 (9th Cir. 1938), indicating that a prevailing defendant in a patent infringement action (who clearly could have contested validity in opposition to the plaintiff's appeal) could have brought its own appeal to challenge a finding of validity, would seem to have been limited by the remand in *Thomas & Betts* to mean only that the validity finding could be excised from the decree, rather than litigated on its merits on an appeal by the prevailing party.

of an adverse ruling because appellant has not identified any ruling of the District Court that might be entitled to preclusive effect and that causes it to be aggrieved. The generalized apprehension that the ultimate ruling dismissing CCCV's complaint will prevent appellant from "defending its federally-issued certificate in federal court" is unavailing. That ruling is preclusive only on the narrow issue of whether the state law claims alleged by CCCV can be maintained in federal court. If in any other litigation a plaintiff challenges appellant's certificates by pleading a claim that is within federal jurisdiction, the judgment now sought to be appealed will not prevent appellant from asserting whatever defenses it might have to such a challenge.

Possibly appellant apprehends that in some future litigation, whether in federal or state court, it will be precluded from pressing the contention it urged upon the District Court—that the Natural Gas Act preempts New York's SEQRA requirements. That fear too is groundless. The District Court has ruled only that the Natural Gas Act does not so completely preempt state law as to create federal court jurisdiction over a claim nominally founded on state law. The Court has not made any ruling as to whether the Natural Gas Act has the more traditional preemptive effect that would provide a defense to a state law claim, and that defense remains available to be asserted by the appellant. *See Caterpillar,* 482 U.S. at 398, 107 S.Ct. at 2432 ("The fact that a defendant might ultimately prove that a plaintiff's claims are pre-empted under the NLRA does not establish that they are removable to federal court.") (footnote omitted).

Even if an adverse ruling that is entitled to collateral estoppel effect and that would render a prevailing party aggrieved would permit an appeal, appellant has not identified any such ruling. In the absence of such a ruling, appellant, as the prevailing party, may not appeal, and its purported appeal will be dismissed.

### 2. Appeal from Dismissal of Avoca's Action

Avoca's complaint sought a declaratory judgment that the Natural Gas Act preempts state law, including SEQRA, and sought to enjoin CCCV from seeking to enforce state law. Avoca did not name any state actor as a defendant, but sought relief only against CCCV. The District Court held that Avoca's failure to name a state actor as a defendant deprived the Court of subject matter jurisdiction.

It is settled law that the Declaratory Judgment Act, 28 U.S.C. § 2201 (1994), does not enlarge the jurisdiction of the federal courts, *see, e.g., Skelly Oil Co. v. Phillips Petroleum Co.,* 339 U.S. 667, 671, 70 S.Ct. 876, 878, 94 L.Ed. 1194 (1950); *Albradco, Inc. v. Bevona,* 982 F.2d 82, 85 (2d Cir.1992), and that a declaratory judgment action must therefore have an independent basis for subject matter jurisdiction, *id.* It is similarly beyond dispute that when a plaintiff seeks injunctive and declaratory "relief from state regulation" on the ground that the state law is preempted by a federal statute, the plaintiff's complaint presents a federal question over which the district courts have jurisdiction pursuant to 28 U.S.C. § 1331. *See Shaw v. Delta Air Lines, Inc.,* 463 U.S. 85, 96 n. 14, 103 S.Ct. 2890, 2899 n. 14, 77 L.Ed.2d 490 (1983). Avoca contends that its suit against CCCV seeks "relief from state regulation" within the meaning of *Shaw* because it is seeking to prevent CCCV from enforcing New York's environmental protection requirements against it, enforcement that Avoca contends is barred by the preemptive effect of federal law.

The District Court ruled, relying on *Albradco,* 982 F.2d at 87, that federal jurisdiction was lacking for Avoca's suit because no state officials were named as defendants. *Avoca,* 939 F.Supp. at 225–26. In *Albradco,* we affirmed the dismissal, for lack of subject matter jurisdiction, of a suit seeking declaratory and injunctive relief to prevent a union from proceeding under state law to collect unpaid contributions to an employee benefit fund from a shareholder of the delinquent corporation. The plaintiffs asserted federal jurisdiction on the ground that the state law was preempted by the Employment Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. § 1144 (1994). We affirmed, primarily on the ground that complete preemption that would permit the declaratory judg-

ment plaintiff to sue in federal court could be asserted only by a party within the class entitled to seek relief under section 502 of ERISA, 29 U.S.C. § 1132. *Albradco,* 982 F.2d at 86 (citing *Metropolitan Life,* 481 U.S. at 64, 107 S.Ct. at 1546; *Franchise Tax Board,* 463 U.S. at 27, 103 S.Ct. at 2855).[4] We distinguished *Shaw* on the ground that the suit in that case was brought against state officials. *Id.* at 87.

■■■ Avoca contends that, though state officials were defendants in *Shaw,* their presence as defendants · is not a jurisdictional requirement of a federal suit seeking injunctive relief against enforcement of state law on the ground of federal preemption. We need not decide definitively whether a state official must be a defendant in such a suit, *see Colonial Penn Group, Inc. v. Colonial Deposit Co.,* 834 F.2d 229, 237 (1st Cir.1987) (dictum that state official required as defendant), because we conclude that, at a minimum, there must be adversity between the plaintiff and the state enforcing authorities. No such adversity exists. Avoca has received all necessary state and local approvals to begin construction. Neither DEC nor the other agencies and officials named in CCCV's original federal court complaint sought to enforce state law against Avoca.[5] As Avoca acknowledges, "[T]he state agency *agrees* with Avoca that federal law preempts the state law...." Brief for Appellants at 17.

What Avoca apprehends (and seeks protection from) is an effort by CCCV to persuade the state officials to change their position and thereby instigate state enforcement of SEQRA. To permit a claim of that sort to provide the basis for federal court jurisdiction would be a back-door way of letting a declaratory plaintiff (Avoca) anticipate a declaratory defendant's (CCCV) state court suit (whether brought directly by the declaratory defendant or indirectly to require action by state officials) in which the declaratory plaintiff (state court defendant) would assert the defense of preemption. Since there would not be federal jurisdiction for a state law suit

of that sort, *see Caterpillar,* 482 U.S. at 393, 107 S.Ct. at 2430; *Metropolitan Life,* 481 U.S. at 63, 107 S.Ct. at 1546 such jurisdiction cannot be manufactured by claiming that "state officials are, for purposes of federal question jurisdiction, functionally equivalent to named defendants." *See* Brief for Appellants at 18. Where state officials have no intention of enforcing state law against a plaintiff, a suit against a private entity cannot be considered a suit "for relief from state regulation" within the meaning of *Shaw.*

The District Court properly dismissed Avoca's suit for lack of subject matter jurisdiction.

### Conclusion

In No. 96–7373, the appeal is dismissed for lack of appellate jurisdiction. In No. 96–9474, the judgment of the District Court is affirmed.

---

**4.** *Albradco* also noted that had the plaintiffs sought to remove a state court suit filed by the union, removal would have been appropriate because the union, as a plan beneficiary, was within the class covered by ERISA § 502. *See Albradco,* 982 F.2d at 86.

**5.** This lack of adversity demonstrates why it would also be futile to grant Avoca leave to amend the complaint for the purpose of joining a state actor as defendant.