**NATIONAL COUNCIL OF LA RAZA, et al.  Plaintiffs,**

v.

**DEPARTMENT OF JUSTICE, Defendant.**

No. 03 Civ.2559 LAK.

United States District Court, S.D. New York.

Nov. 22, 2004.

Christopher Dunn, Arthur Eisenberg, Donna Lieberman, New York Civil Liberties Union Foundation, Lucas Guttentag, Omar C. Jadwat, American Civil Liberties Union Foundation, Sara Campos, Michael J. Wishnie, ACLU Immigrants' Rights Project, New York City, for Plaintiffs.

Sarah S. Normand, Assistant United States Attorney, David N. Kelley, United States Attorney, New York City, for Defendant.

**MEMORANDUM OPINION**

KAPLAN, District Judge.

Plaintiffs have applied by letter for an order directing the defendant to "describe briefly the portion of the 2002 OLC opinion that the October 14, 2004 opinion of this Court permits the government to redact." The government resists the application both on the merits and on the

ground that the pendency of its appeal deprives this Court of jurisdiction.

*Jurisdiction*

■ The October 14, 2004 opinion reaffirmed an earlier opinion[1] granting summary judgment to the defendant with respect to most of the documents in question and modified the earlier opinion by, insofar as is relevant here, permitting the defendant to redact certain portions of the 2002 OLC memorandum that the earlier opinion had ordered disclosed in its entirety. In substance the October 14, 2004 opinion held that plaintiffs were not entitled to summary judgment requiring disclosure of the redacted portions. Defendant appealed.

Defendant correctly argues that, in general, "[t]he filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal."[2] Rigid enforcement of such a mechanical rule, however, would ill serve the rule's objective of promoting efficiency by preventing two courts from addressing the same matter at the same time.[3] Moreover, it would deliver into the hands of each litigant the ability to freeze matters in the district court simply by filing a notice of appeal, no matter how frivolous.[4] In consequence, district courts are not deprived of jurisdiction by the filing of untimely or manifestly defective appeals and appeals from non-appealable orders.

There is nothing defective about the defendant's appeal from so much of the October 14, 2004 order as required it to disclose portions of the 2002 OLC memorandum. However, insofar as the notice of appeal purports to appeal from those aspects of the order that favored the defendant—such as the portion of the order that declined to require the disclosure of the balance of the OLC memorandum—the matter stands differently.

"One of the prerequisites to appellate jurisdiction, pursuant to 28 U.S.C. § 1291 (1994), is that the appellant has standing to pursue the appeal.... [S]tanding to appeal is conferred only on parties 'aggrieved' by the judgment" or order appealed from.[5]

The defendant obviously is aggrieved by so much of the October 14, 2004 order as required disclosure of part of the 2002 OLC memorandum. It is not aggrieved by so much of that order as did not compel disclosure. In consequence, no non-frivolous appeal is pending from those aspects of the October 14, 2004 order as did not order disclosure. As the notice of appeal was capable of transferring to the Court of Appeals jurisdiction over only so much of the case as is necessarily involved in the appeal, it could not divest this Court of jurisdiction over the remaining portion of the case. Accordingly, this Court has jurisdiction over the question whether the defendant should be required to produce the redacted portion of the 2002 OLC

**1.** *National Council of La Raza v. Dep't of Justice,* 337 F.Supp.2d 524 (S.D.N.Y.2004). A corrected version of the earlier opinion also was issued October 14, 2004.

**2.** *Griggs v. Provident Consumer Discount Co.,* 459 U.S. 56, 58, 103 S.Ct. 400, 74 L.Ed.2d 225 (1982).

**3.** *See, e.g., United States v. Rodgers,* 101 F.3d 247, 251 (2d Cir.1996).

**4.** *See Leonhard v. United States,* 633 F.2d 599, 609–11 (2d Cir.1980), *cert. denied,* 451 U.S. 908, 101 S.Ct. 1975, 68 L.Ed.2d 295 (1981).

**5.** *Concerned Citizens of Cohocton Valley, Inc. v. New York State Department of Environmental Conservation,* 127 F.3d 201, 204 (2d Cir. 1997).

memorandum, a question that is not before the Court of Appeals.

*The Merits*

In *Vaughn v. Rosen*,[6] the District of Columbia Circuit laid out a procedure for handling government claims of exemption from Freedom of Information Act requests that has been adopted by this and all or most other circuits.[7] The government must prepare what has become known as a *Vaughn* index—a document "itemizing and indexing [documents withheld] that would correlate statements made in the Government's refusal justification with the actual portions of the document."[8]

 In this case, as the Court previously noted, the *Vaughn* index furnished by the government gave no inkling that the 2002 OLC memorandum was broader than the Attorney General's announced policy of enlisting state and local police in arresting certain illegal aliens. That was discovered only when the Court required submission of the opinion for *in camera* inspection. In consequence, the defendant's *Vaughn* index was inadequate in this respect.

To be sure, the *Vaughn* index is not an end in itself.[9] The Court, moreover, already has ruled that the redacted portions of the OLC memorandum are exempt under the Freedom of Information Act. Nevertheless, it necessarily did so without the benefit of argument by plaintiffs based on an appropriate disclosure by the defendant. In appropriate circumstances, the Court is empowered to revisit that conclusion.[10] While the likelihood of a different result appears small, plaintiffs are entitled to a proper *Vaughn* index and an opportunity to seek to persuade the Court that

they should receive the redacted portions of the document.

*Conclusion*

For the foregoing reasons, plaintiffs' application is granted. The defendant shall supplement its *Vaughn* index with respect to the 2002 OLC memorandum as indicated above no later than December 3, 2004.

SO ORDERED.

---

6. 484 F.2d 820 (D.C.Cir.1973).

7. *See, e.g., Ruotolo v. Department of Justice,* 53 F.3d 4, 6 (2d Cir.1995).

8. *Vaughn,* 484 F.2d at 827.

9. *E.g., Donovan v. Federal Bureau of Investigation,* 806 F.2d 55, 58–59 (2d Cir.1986).

10. *See, e.g.,* Fed.R.Civ.P. 54(b), 60(b).